Jesse ELLISON, Appellant,

v.

The STATE of Texas, Appellee.

No. 40072.

Court of Criminal Appeals of Texas.

Oct. 30, 1968.

Charles E. Reagan (Court appointed), Jack Welch, Marlin (Court appointed on appeal), Sam Houston Clinton, Jr., Austin, for appellant.

Thomas Bartlett, County Atty., Marlin, Stanley Kacir, Dist. Atty., Belton, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This conviction for robbery with a deadly weapon, with punishment assessed at death, was affirmed by this court in Ellison v. State, Tex.Cr.App., 419 S.W.2d 849, and mandate issued November 17, 1967.

On June 17, 1968, the Supreme Court of the United States, in Ellison v. Texas, 392 U.S. 649, 88 S.Ct. 2290, 20 L.Ed.2d 1350, granted certiorari and ordered that the judgment be vacated and the case remanded for reconsideration in light of Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (decided June 3, 1968).

■ Transcript of the voir dire examination of the special venire now before this court fully supports appellant's bill of exception, approved by the trial court, which certifies that all prospective jurors who, upon questioning, stated that they *did not believe in the* death penalty *or* had conscientious scruples in regard to its infliction were challenged by the state and excused.

■ Art. 35.16(b), Section 1, of the 1965 Code of Criminal Procedure provides that a challenge for cause may be made by the state for the reason "that the juror has conscientious scruples in regard to the infliction of the punishment of death for crime, in a capital case, where the State is seeking the death penalty."

"A challenge for cause is an objection to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury. * * *" Art. 35.16(a) V.A. C.C.P., 1965.

"Conscientious scruples" in regard to the infliction of death as punishment for crime was a ground for challenge in a capital case in this state even before the Original Code of Criminal Procedure (O.C. 575) provided for such "a challenge. White v. State, 16 Tex. 206, 207; Burrell v. State, 18 Tex. 713.

■ In affirming this conviction, the constitutionality of the present statute, as it relates to "conscientious scruples," was upheld by this court in light of the fact that the statute has never been construed as rendering a juror incapable or unfit to serve on the jury in a capital case where the state is seeking the death penalty simply because he did not believe in or voiced general objections to the death penalty.

We note, however, that Sec. (b) (3) of Art. 35.16, supra, also provides that a challenge for cause may be made by the state for the reason that the juror "has a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction *or punishment*," and Sec. (c) (2) provides that a challenge for cause may be made by the defense for the reason that the juror "has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as a mitigation thereof *or of the punishment therefor.*"

■ The jury which assessed appellant's punishment at death first found him guilty. After the verdict finding him guilty of robbery with a deadly weapon was returned, the matter of punishment was referred to the same jury and, after separate hearing, death was assessed.[1]

1. Such separate trials now required by Art. 37.07 as amended in 1967 (Art. 37.07 V.A.C.C.P.) were permissible under the 1965 statute. Williams v. State, Tex.

Cr.App., 415 S.W.2d 917; Jones v. State, Tex.Cr.App., 416 S.W.2d 412. See also Rojas v. State, Tex.Cr.App., 404 S.W. 2d 30.

As we understand the opinion of the Supreme Court in Witherspoon v. Illinois, supra, in its role as arbiter of the punishment to be imposed, appellant's jury "fell woefully short" of that impartiality to which he was entitled under the Sixth and Fourteenth Amendments but, as to the guilt or innocence issue, bias with respect to appellant's guilt is not shown.

The Texas Statute provides for a separate hearing on proper punishment before the same jury and provides that where the matter of punishment is referred to the jury, the verdict shall not be complete until the jury has rendered a verdict both on the guilt or innocence of the defendant and the amount of punishment when the jury finds the defendant guilty. And in the event the jury shall fail to agree, a mistrial shall be declared, the jury discharged and no jeopardy shall attach. Art. 37.07 V.A.C.C.P.[2]

Our statute provides that the Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment as the law and nature of the case may require. Art. 44.24 V.A.C.C.P.

Also, Art. 44.29 V.A.C.C.P. provides: "Where the Court of Criminal Appeals awards a new trial to the defendant, the cause shall stand as it would have stood in case the new trial had been granted by the court below."

It follows that this court is without authority to direct a new trial before a different jury on the issue of punishment only.

In obedience to the decisions of the Supreme Court of the United States and in compliance with the procedural statutes of Texas, the mandate issued upon the affirmance of this conviction is recalled and the judgment of conviction is reversed and the cause is remanded for a new trial.

**2.** Prior to the 1965 Code the statute provided that if the plea was not guilty the jury must find that the defendant is either "guilty" or "not guilty" and "they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty." Art. 693 C.C.P. (1925).