**Terrance D. CARSON, Appellant,**

v.

**The STATE of Texas.**

No. 1822–98.

Court of Criminal Appeals of Texas.

Dec. 1, 1999.

---

**7.** *Id.,* § 11(a)(10).

**8.** *Id.,* § 11(a)(12).

**9.** *Id.,* § 11(a)(15).

**10.** *Id.,* § 11(a)17.

**11.** *Id.,* § 12.

**12.** *Id.,* § 14.

**13.** *Id.,* § 11(a).

Stephanie L. Stevens, Bradford Klager, San Antonio, for appellant.

Alan E. Battaglia, Asst. Dist. Atty., San Antonio, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MANSFIELD, J., delivered the opinion of the Court, in which McCORMICK, P.J., and MEYERS, PRICE, HOLLAND, WOMACK, and JOHNSON, JJ., joined.

The question presented is whether the Fourth Court of Appeals erred in remanding this case to the trial court with instructions that a new punishment hearing be held. We hold that the Court of Appeals did err.

### The Relevant Facts

A Bexar County jury found appellant, Terrance D. Carson, guilty of murder under Texas Penal Code § 19.02(b) and assessed his punishment at imprisonment for fifty years. On appeal, appellant argued that the trial court reversibly erred during voir dire in not allowing him to ask Venireman Molina whether she could consider recommending probation in a murder case not involving a mercy killing. The Fourth Court of Appeals agreed with appellant that the trial court erred, and it further agreed that the error was not harmless. *Carson v. State,* 986 S.W.2d 24, 29 (Tex. App.—San Antonio 1998). The Court of Appeals then affirmed the trial court's judgment with respect to appellant's conviction, vacated the trial court's judgment with respect to his sentence, and remanded the case for a new punishment hearing. *Ibid.* The court, citing Article 44.29(b) [1] of

---

1. Article 44.29 provides:
 (a) Where the court of appeals or the Court of Criminal Appeals *awards a new trial* to the defendant on the basis of *error in the guilt or innocence stage of the trial or on the basis of errors in both the guilt or innocence stage of the trial and the punishment stage of the trial,* the cause shall stand as it would

have stood in case the new trial had been granted by the court below.
(b) If the court of appeals or the Court of Criminal Appeals *awards a new trial* to a defendant *other than a defendant convicted of an offense under Section 19.03, Penal Code,* only on the basis of *an error or errors made in the punishment stage of the trial,*

the Texas Code of Criminal Procedure[2] and our decision in *Ransom v. State*, 920 S.W.2d 288 (Tex.Crim.App.1994), *cert. denied*, 519 U.S. 1030, 117 S.Ct. 587, 136 L.Ed.2d 516 (1996),[3] reasoned that appellant was not entitled to an entirely new trial because (1) the trial court's error was one "affecting punishment only" and (2) appellant offered neither evidence nor argument "suggesting the trial court's erroneous restriction of his voir dire resulted in a jury biased against him on the issue of guilt." *Ibid.* We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in remanding the case for a new punishment hearing only.[4]

Before this Court, appellant argues that the Court of Appeals erred in relying on Article 44.29(b) because that statutory provision, by its plain terms, authorizes a new punishment hearing only for errors made *in* the punishment stage of the trial. Appellant points out that the trial court's error here, made during voir dire, was not made *in* the punishment stage of the trial. Finally, appellant argues that the Court of

Appeals erred in relying on our decision in *Ransom v. State*, 920 S.W.2d 288, because that was a capital murder case in which we applied Article 44.29(c), not Article 44.29(b).

In response, the State argues that voir dire is not part of the guilt/innocence stage of trial or the punishment stage of trial and that, therefore, Article 44.29 does not address the appropriate remedy for voir dire errors. The State argues further that appellate courts have inherent power to fashion appropriate remedies for the due administration of justice and that the appropriate remedy in this case is remand for a new punishment hearing only.

## Analysis

■ Before the enactment of Article 44.29(b) in 1987, our law required that an entirely new trial be held on remand in non-capital cases if an appellate court determined that reversible error occurred at any point in the trial (including voir dire) and the jury had assessed punishment. *Bullard v. State*, 548 S.W.2d 13, 18 (Tex.

the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under Subsection (b), Section 2, Article 37.07, of this code. If the defendant elects, the court shall empanel a jury for the sentencing stage of the trial in the same manner as a jury is empaneled by the court for other trials before the court. At the new trial, the court shall allow both the state and the defendant to introduce evidence to show the circumstances of the offense and other evidence as permitted by Section 3 of Article 37.07 of this code.
(c) If any court *sets aside or invalidates the sentence of a defendant convicted of an offense under Section 19.03, Penal Code, and sentenced to death on the basis of any error affecting punishment only,* the court shall not set the conviction aside but rather shall commence a new punishment hearing under Article 37.071 or Article 37.0711 of this code, as appropriate, as if a finding of guilt had been returned. The court shall empanel a jury for the sentencing stage of the trial in the same manner as a jury is to be

empaneled by the court in other trials before the court for offenses under Section 19.03, Penal Code. At the new punishment hearing, the court shall permit both the state and the defendant to introduce evidence as permitted by Article 37.071 or Article 37.0711 of this code.
(Emphasis added.)

2. All references to articles are to those in the Texas Code of Criminal Procedure.

3. In *Ransom v. State*, a capital murder case, we held that "voir dire error regarding a subject that a jury would consider only during the punishment phase of the trial is 'error affecting punishment only' [within the meaning of Article 44.29(c)], unless the defendant produces evidence showing that the error necessarily produced a jury biased against the defendant on the issue of guilt. Since no such evidence has been produced in the present case, this cause should be remanded for a new hearing on punishment in accordance with Art. 44.29(c)." 920 S.W.2d at 298.

4. The question of whether the trial court erred is not before us.

Crim.App.1977). That was so because Article 37.07, §§ 2(b) and 3(c), required that the same jury both determine guilt and assess punishment. *Ellison v. State*, 432 S.W.2d 955, 957 (Tex.Crim.App.1968). Article 44.29(b) made a single exception to that rule. Under Article 44.29(b), retrial limited to assessment of punishment is permitted in non-capital cases if (1) an appellate court determines that reversible error occurred and (2) the error was, in the language of the statute, "made in the punishment stage of the trial."

The error in the instant case occurred during voir dire. Thus, under Article 37.07, appellant is entitled to an entirely new trial unless the error was "made in the punishment stage of the trial" within the meaning of Article 44.29(b).

 Under our decision in *Boykin v. State*, 818 S.W.2d 782, 787 (Tex.Crim.App. 1991), we must interpret unambiguous statutes literally, unless doing so would lead to absurd results. The statutory phrase "made in the punishment stage of the trial" is unambiguous, and we cannot say that interpreting it literally would lead to absurd results. Therefore, we hold that Article 44.29(b) permits retrials limited to assessment of punishment only for errors that were, literally, made *in* the punishment stage of the trial. Voir dire errors are not in that category.

In view of the preceding, it is clear that the Court of Appeals erred in concluding that Article 44.29(b) allowed a retrial in this case limited to assessment of punishment. The root of the Court of Appeals' error was its reliance upon our decision in *Ransom v. State*, 920 S.W.2d 288. Our decision in that capital case,[5] however, was based on Article 44.29(c), not Article 44.29(b). The two statutory provisions are worded quite differently and apply to different types of cases.[6]

We reverse the judgment of the Court of Appeals and remand the case to the trial court for a new trial.

KEASLER, J., filed a dissenting opinion, in which KELLER, J., joined.

KEASLER, J., delivered this dissenting opinion in which KELLER, J. joins.

I would affirm the judgment of the court of appeals because I do not believe Art. 44.29 controls this case at all.

PLAIN LANGUAGE OF ART. 44.29

The majority concludes that the language of Art. 44.29 is unambiguous.[1] I agree. But I think it means something completely different than the majority.

The majority compares sections (b) and (c) of the statute, notes the difference between the "in" language in section (b) and the "affecting" language in section (c), and concludes that the statute is unambiguous. But the majority ignores section (a). Section (a) provides that error occurring in the guilt/innocence phase, or errors occurring in both the guilt/innocence phase and the punishment phase, warrant a reversal for a completely new trial on guilt/innocence. No mention is made of voir dire at all.

This case involves voir dire error which pertains to a punishment issue. Section (c) of Art. 44.29 does not apply, as it involves capital cases. That leaves sections (a) and (b). Neither section applies. Section (a) is limited to errors in either guilt/innocence or punishment, while section (b) is limited to errors in punishment. Voir dire is neither the guilt/innocence stage or the punishment stage.[2] Viewing

5. See footnote three, *supra*.

6. See footnote one, *supra*.

1. *Ante*, 6 S.W.3d at 539.

2. *Chambers v. State*, 903 S.W.2d 21, 36 n. 16 (Tex.Crim.App.1995) (in ineffective assistance of counsel cases, same standard applies to claims regarding the guilt/innocence phase of capital and non-capital cases, the punishment phase of capital cases, and the voir dire of non-capital cases; implying that voir dire is separate from guilt/innocence and punishment); *Cooks v. State*, 844 S.W.2d 697, 722

the statute as a whole, including section (a), convinces me that the statute unambiguously does not apply to voir dire error in a non-capital case.

Since Art. 44.29 does not apply, the court of appeals was free to fashion any appropriate appellate remedy in this case.[3] It did so when it remanded the case for a new punishment hearing. I would affirm the court of appeals' decision.

## LEGISLATIVE HISTORY OF ART. 44.29

Since the majority thinks the statute means one thing, and I think it means something else entirely, a reasonable argument can be made that the statute is ambiguous. Under *Boykin,* when a statute is ambiguous, we look to extratextual factors to determine its meaning.[4]

The legislative history behind the enactment of Art. 44.29 is revealing. When the statute was enacted in 1965, it merely provided that, when the appellate court awards a new trial, the cause "shall stand as it would have stood in case the new trial had been granted by the court below."[5] It stated the same thing in the prior code.[6]

This language meant that, regardless of the type of error which resulted in a cause being reversed, the case was retried in its entirety upon remand. This requirement eventually caused some frustration in this Court. In *Pierson v. State,*[7] a capital case, the defendant complained on appeal that two veniremembers had been unlawfully excused for cause (on a punishment issue).

We agreed and reversed the conviction. On rehearing, the State apparently argued that we should either reform the sentence to one of life, or remand for punishment only. We denied the State's motion for rehearing, but two judges wrote opinions. Judge Teague's concurring opinion and Judge McCormick's dissenting opinion both lamented the Court's lack of options and urged the Legislature to do something.[8]

Several years later, the 69th Legislature attempted to address the problem with House Bill 2130 and Senate Bill 841. Both bills provided that, in non-capital cases, if the appellate court reverses a case for error occurring in the punishment phase, the remand shall be as to punishment only. Neither bill became law. Judge Leon Douglas of this Court testified on Senate Bill 841, explaining that there were quite a few cases which are reversed solely for error at the punishment stage but which get remanded for a completely new trial.[9]

In the next session, the bills re-appeared as Senate Bills 14 and 43, and House Bill 382. This time, Senate Bill 43 passed. It provided, as had House Bill 2130 and Senate Bill 841 of the 69th Session, that, in non-capital cases, the remand should be for punishment only if the appellate court reversed for error occurring in the punishment phase. The concern with these bills, as with the bills in the 69th Session, were the time and expense of re-trying a case on guilt/innocence, and the windfall to a

---

(Tex.Crim.App.1992) (setting forth appellant's claim as one of error "during the voir dire, guilt/innocence and punishment portions of the trial"); *Woods v. State,* 569 S.W.2d 901, 902 (Tex.Crim.App.1978) (explaining that judge presided over pretrial hearing, voir dire, guilt/innocence stage, and punishment stage). *See also* Chapters 35 and 36, Texas Code of Criminal Procedure (formation of the jury occurs first, then trial proceeds).

3. Tex.R.App.P. 43.2, 43.3.

4. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

5. Former Tex.Code Crim. Proc. Art. 44.29 (Vernon 1979) (amended 1987).

6. Former Tex.Code Crim. Proc. Art. 852 (repealed).

7. 614 S.W.2d 102 (Tex.Crim.App.1980).

8. *See also Evans v. State,* 614 S.W.2d 414 (Tex.Crim.App.1980); *Ellison v. State,* 432 S.W.2d 955 (Tex.Crim.App.1968).

9. Criminal Justice Committee Hearing, March 26, 1985, Tape 1 of 2, Side 1, Counter 134–44.

defendant in receiving a retrial on guilt/innocence.[10]

The Bill Analysis to Senate Bill 43 is particularly relevant. In the "Background" Section, the analysis states that, under the law at that time, "when an appellate court awards a new trial to a defendant, a complete new trial must take place regardless of whether the error occurred at the guilt/innocence stage or the punishment stage." [11] It then recognized this Court's complaints in *Evans, Pierson,* and *Ellison,* that we were "without authority to modify punishment or direct a new trial before a different jury on the issue of punishment only, where prospective jurors in a capital case are improperly excluded and the error affects punishment ·only." [12]

Ironically, our complaints in *Evans, Pierson,* and *Ellison* were all pertaining to capital cases, but Senate Bill 43 was restricted to non-capital cases. At that time, the Legislature was concerned with the fact that capital cases are different and seemed to warrant a reversal for a new trial rather than simply a punishment hearing. As the Bill Analysis to Senate Bill 43 stated, "it was considered unwise to apply this bill to capital murder cases, where significant issues of jury selection could affect a remand for punishment only." [13]

After Senate Bill 43 became law, Art. 44.29 had three sections. Section (a) provided that, if the appellate court awards a new trial on the basis of an error in the guilt/innocence stage, or on the basis of errors in both the guilt/innocence stage and the punishment stage, the cause shall stand as if the new trial had been granted by the court below. In other words, in those situations, retrial is had on the guilt/innocence stage and the punishment stage. Section (b) provided that, if the appellate court awards a new trial on the basis of an error or errors made in the punishment stage, the court shall commence the new trial as if a finding of guilt had already been returned. That is, retrial is only on punishment. Section (c) provided that "this section" (presumably section (b)) does not apply to capital cases; in such cases, the cause shall stand as it would have stood in case the new trial had been granted by the court below. So in capital cases, regardless of when the error occurred, the retrial would be as to guilt/innocence and punishment.

While the cases prompting the legislation, *Pierson* and the rest, specifically pertained to voir dire error in capital cases, the statute itself does not mention voir dire and does not apply to capital cases. Was voir dire meant to be included in this statute or not? The answer lies in later legislative action.

In the 72nd Session, the Legislature extended the statute to capital cases. Senate Bills 880 and 414, and House Bills 9 and 1240, all contained some variation of the language that eventually became law. The discussion regarding the bills indicates that they were in response to the Supreme Court's recent *Penry* [14] case. The State expected that many capital cases might get reversed based on *Penry* error. But that error would have occurred only at the penalty stage of the trial, and the State did not want to have to re-try each case as to guilt/innocence. So the State hoped to limit all the *Penry* reversals to retrials on punishment only.

Significantly, each one of the bills originally provided that if the appellate court reverses a capital case only on the basis of any error in the punishment stage of trial, then the remand will be as to punishment

---

10. Criminal Justice Committee Hearing, March 3, 1987, Tape 1 of 1, Side 1, Counter 289.

11. Bill Analysis to Senate Bill 43, 70th Legislative Session.

12. *Ibid.*

13. *Ibid.*

14. *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989).

only. But a Committee Substitute to Senate Bill 880 revised that language to read: "on the basis of any error affecting punishment." Senate Bill 880 is the bill that eventually became law.

The hearings regarding the bills indicate the purpose behind the amendment. Senate Bills 880 and 414 were heard simultaneously. Attorney Keith Jagmin testified against the bills, arguing that capital cases were different and should be treated differently from non-capital cases. He then proposed a problem with the bill.

> Assume that the punishment error, that we call a punishment error, relates to a limitation on voir dire, that concerns a punishment issue. Now what do we re-try? Do we come back and re-try, for example, in the case that I just tried ... if the trial court improperly limited my voir dire, is that a punishment error? Is that a guilt/innocence error? I mean, it came long before guilt and innocence was ever tried, though it relates only to the punishment phase of trial.[15]

Senator Sibley responded to this testimony by saying, "The appeals court will tell you that." [16] But after Jagmin's testimony, Senate Bill 880 was amended from saying the error should be "in" the punishment phase to saying the error should be "affecting" the punishment stage.

Again, the irony is evident. The cases which prompted the legislation in the first place, *Pierson* and the rest, were capital cases containing voir dire error which related to punishment. The first legislative response was to pass a bill which neither applied to capital cases nor addressed voir dire error. The second legislative action was to make the statute apply to capital cases and, after a passing remark by someone testifying against the bill, including error "affecting" punishment, which implicitly includes error in the voir dire.

So the statute now contains three sections. Sections (a) and (b) are the same as

they were before. Section (c) now provides that, if the appellate court reverses a capital case "on the basis of any error affecting punishment only," the retrial shall be only for a new punishment hearing.

So what does it all mean? First, the differing language in sections (b) and (c) of Art. 44.29 were written in different legislative sessions. The language pertaining to non-capital cases in section (b) was enacted in 1987, while the language pertaining to capital cases in section (c) was enacted in 1991. In 1987, the Legislature, intentionally or not, limited retrials in non-capital cases to error "in" the punishment phase. Then, in 1991, the Legislature changed the wording as it applied to capital cases, to make retrials on punishment available for any error "affecting" punishment. The amendment was an intentional effort, in response to a witness' testimony regarding voir dire error, to make section (c) applicable to errors occurring in voir dire but affecting punishment. No such amendment was made to sections (a) or (b). While the Legislature was not addressing those sections at the time, nevertheless the failure to amend them indicates that those sections still would not apply to voir dire error.

Another fact to address is that voir dire is nowhere mentioned in Art. 44.29. The majority believes that voir dire error pertaining to punishment is encompassed within section (c)'s "affecting" language but not within section (b)'s "in" language. I agree. But, to take this logic to its natural conclusion, voir dire is also not encompassed within section (a). Voir dire error is simply not contemplated in sections (a) or (b), and therefore the statute does not apply to voir dire error in a non-capital case.

It could be argued that the literal language of section (b) requires the error to be "in" the punishment phase in order for

---

15. Criminal Justice Committee Hearing, April 4, 1991, Tape 1 of 3, Side 1, Counter 402–13.

16. *Id.,* counter at 413–15.

a remand to be on punishment only. I agree that the literal language of the statute should be followed. As explained above, I believe the literal language of the statute does not apply to voir dire at all, and Art. 44.29 has no relevance to this case.

So I believe the Legislature would have been wiser to amend section (b) when it amended section (c). The Legislature should have written section (b) to apply to voir dire errors in non-capital cases that affect only a punishment issue. But they did not. Sections (a) and (b) do not apply to voir dire at all, since voir dire is neither the guilt/innocence phase or the punishment phase. It is not for us to add or subtract from what the Legislature has written.[17]

## CONCLUSION

I believe the language of Art. 44.29 is unambiguous. It does not apply to this case. But even if the statute's literal language were ambiguous, the legislative history indicates that Art. 44.29 does not apply to voir dire error in a non-capital case. Since Art. 44.29 does not apply, the court of appeals was not restricted by that statute, and its decision to remand this case for punishment only was sound under Rule 43.2. I would affirm.

---

**17.** *State v. Mason,* 980 S.W.2d 635, 638 (Tex. Crim.App.1998).