NO. 07-02-0111-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 28, 2003

_____

FRANK JAMES MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-436826; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Frank James Martinez was convicted by a Lubbock County jury of aggravated assault with a deadly weapon and his punishment was assessed at 12 years

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

confinement in the Institutional Division of the Department of Criminal Justice. In one issue, he complains that the trial judge erred in two respects during the prosecutor's closing argument in the punishment phase of his trial. First, he argues the trial judge prevented his counsel from requesting appropriate relief after sustaining his objection to the prosecution's closing argument, and second, the trial judge failed to properly prevent the prosecution from continuing its improper argument. Disagreeing that error is shown, we affirm the judgment of the trial court.

Initially, we note that appellant's only complaint concerns errors alleged to have occurred during the punishment phase of the trial. That being true, even if reversible error was shown, appellant would only be entitled to another punishment hearing and not a retrial on guilt or innocence. Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2003); *Carson v. State*, 6 S.W.3d 536, 538 (Tex. Crim. App. 1999).

This prosecution arose from an incident in which the victim was stabbed in the neck. Because it is not material to this appeal, it is not necessary to recite the full factual background of the prosecution. There are three particular portions of the prosecutor's argument about which appellant complains. First, the prosecutor argued: "I mean, what would you think? You just got stabbed. You think that's all that's going to happen? How do you know they're not coming back around the corner?" Appellant argues that this argument impermissibly encouraged the jurors to put themselves in the place of the victim. No trial objection was made to this portion of the argument. Second, the prosecutor argued: "He (appellant) is in the alley trying to kill somebody by stabbing them in the neck."

2

Appellant asserts this argument is reversible because in effect, it improperly implies the State has verified the truthfulness of the testimony that it has presented. Again, no trial objection on this basis was made.

Appellant's third complaint concerns the prosecutor's argument that: "Two reasons why probation is not an appropriate punishment in this kind of case, first reason is in Lubbock, Texas, you don't go around with steak knives and try to kill people and go down the elevator with the same jury that set your punishment." Counsel objected to this argument and asked the trial court ". . . May we approach the bench?" The court replied, "No, the objection is sustained." The prosecutor then continued with the statement: "Well, you don't get probation, ladies and gentlemen, for trying to kill someone in Lubbock, Texas," without further objection or request by appellant. Appellant asserts that this was an improper call upon the jury to determine his punishment in accordance with community standards rather than upon the evidence it heard. Shortly thereafter, in the continuation of his argument, the prosecutor stated: "Don't let the defense lawyer, Mr. Hocker, try to shame you into feeling bad about sending someone to prison for trying to kill another person. You can be proud of the fact that the sentence in Texas, in Lubbock, Texas, can be that you can go to prison for 20 years for trying to kill another guy." Appellant's counsel then objected: "Your Honor, I'm going to object to this line of argument, intent to kill." The objection was overruled. Appellant argues that this sequence of arguments mandates reversal because they amount to an attempt by the prosecution to strike at appellant over the shoulder of his counsel and to inflame the jury's passions so as to sentence appellant

3

for the more heinous crime of attempted murder rather than the aggravated assault with which he was charged.

It is well established that in order to preserve jury argument error, the appellant must have objected and pursued that objection to an adverse ruling. *Cockerell v. State*, 933 S.W.2d 73, (Tex. Crim.App. 1996), *cert. denied*, 520 U.S. 1173, 117 S.Ct. 1442, 137 L.Ed.2d 548 (1997). In explication of the rule, the *Cockerell* court commented that "a defendant's 'right' not to be subjected to incurable erroneous jury arguments is one of those rights that is forfeited by a failure to insist upon it," the court held that before a defendant will be permitted to complain on appeal about an erroneous jury argument or that an instruction to disregard could not have cured such an argument, "he will have to show he objected and pursued his objection to an adverse ruling." *Id.* at 89. *See also* Tex. R. App. P. 33.1 (a)(1)(A); *Mathis v.* State, 67 S.W.3d 918, 926-27 (Tex. Crim. App. 2002); *Janecka v. State*, 937 S.W.2d 456, 474 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 825, 118 S.Ct. 86, 139 L.Ed.2d 43 (1997); *Lange v. State*, 57 S.W.3d 458, 467 (Tex. App.–Amarillo 2001, no pet.).

With regard to the portions of the prosecutor's argument to which appellant failed to object, that failure failed to preserve any question for appellate review. In respect to the portion of the argument to which appellant's objection was sustained, his failure to pursue that question to an adverse ruling again fails to preserve the question as to that portion for our appellate review. We have not overlooked appellant's contention that the trial judge prevented him from pursuing the matter. However, the record does not support that

argument. Nothing the judge did or said prevented appellant from further pursuing the matter from where he stood. It was not necessary to approach the bench to make further requests for an instruction to disregard or to move for a mistrial.

In summary, appellant's issue does not present reversible error. Accordingly, it is overruled and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.