COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO.
2-07-427-CR

 

 

ANTONIO ZAVALA CARDENAS                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

                                                    

                                              ------------

 

                                             OPINION

 

                                              ------------

Introduction

Appellant
Antonio Zavala Cardenas appeals his convictions for aggravated sexual assault
and indecency with a child, arguing that the trial court erred by denying his
challenges for cause to various members of the jury panel following voir
dire.  See Tex. Penal Code Ann. ''
21.11(a), 22.021(a) (Vernon Supp. 2009); Tex. Code Crim. Proc. Ann. art.
35.16(a), (c) (Vernon 2006).  We reverse
and remand.








Background Facts

In May
2006, a Tarrant County grand jury indicted Cardenas for three counts of
aggravated sexual assault and one count of indecency with a child. The charges
involved Cardenas=s sexual contact with a
four-year-old girl.  Before his trial, Cardenas swore that he had not
been previously convicted of a felony and asked the trial court to submit his
request for a probated sentence to the jury.

Cardenas=s trial
proceedings started with his pleas of not guilty, and then the trial court
instructed an almost 100-member jury panel about voir dire and other
issues.  The court informed the panel
that if it convicted Cardenas, it could assess punishment at a minimum of five
years=
confinement for the aggravated sexual assault charges and two years=
confinement for the indecency with a child charge and that it could probate his
sentence if he proved that he had not been previously convicted of a
felony.  It then told the panel that
although jurors do not have to Aleave
[their] common sense at the courthouse steps,@ they
must be free from prejudice or bias.








After
the parties presented evidence on Cardenas=s guilt
and innocence and his punishment, the jury convicted him of two counts of
aggravated sexual assault and one count of indecency with a child,[1]
and it assessed twenty years=
confinement on each charge.  Cardenas
filed his notice of appeal.

The Trial Court=s Denial
of Cardenas=s Challenges for Cause

In
thirty connected issues that he has briefed together, Cardenas asserts that the
trial court erred by denying his challenges for cause to thirty members of the
jury panel because they indicated that they could not consider the full range
of punishment for his charges.  

Standard of review








We
review a trial court=s ruling on a challenge for
cause with considerable deference because the trial court is in the best
position to evaluate the veniremember=s demeanor
and responses.  Newbury v. State,
135 S.W.3d 22, 32 (Tex.Crim.App.), cert. denied, 543 U.S. 990 (2004); Tucker
v. State, 183 S.W.3d 501, 511 (Tex. App.CFort
Worth 2005, no pet.).  We reverse a trial
court=s ruling
on a challenge for cause only upon a clear abuse of discretion. Newbury,
135 S.W.3d at 32; Curry v. State, 910 S.W.2d 490, 493 (Tex. Crim. App.
1995); Tucker, 183 S.W.3d at 511. 
In determining whether the trial court abused its discretion, we review
the total voir dire record in context.  See
Mathis v. State, 67 S.W.3d 918, 924 (Tex. Crim. App. 2002); King v.
State, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000); Emenhiser v. State,
196 S.W.3d 915, 927 (Tex. App.CFort
Worth 2006, pet. ref=d).

Applicable law

AA
challenge for cause is an objection made to a particular juror, alleging some
fact which renders the juror incapable or unfit to serve on the jury.@
Tex. Code Crim. Proc. Ann. art. 35.16(a). 
A challenge for cause may be made by the defendant when a juror Ahas a
bias or prejudice against any of the law applicable to the case upon which the
[defendant] is entitled to rely, either as a defense to some phase of the
offense for which the defendant is being prosecuted or as a mitigation thereof
or of the punishment therefor.@  Id. art. 35.16(c)(2); see Sadler v.
State, 977 S.W.2d 140, 142 (Tex. Crim. App. 1998) (stating that bias
against the law exists when a juror=s
beliefs Awould
prevent or substantially impair the performance of his duties@);
Garcia v. State, 887 S.W.2d 846, 857 (Tex. Crim. App. 1994), cert.
denied, 514 U.S. 1005 (1995).








The
burden is on the proponent of the challenge for cause to establish that the
challenge is proper.  Feldman v. State,
71 S.W.3d 738, 747 (Tex. Crim. App. 2002). 
This burden is not met until the proponent has demonstrated that the
panel member understood the requirements of the law and was not able to
overcome his prejudice well enough to follow them.  Id. In other words, A[b]efore
a prospective juror can be excused for cause . . . the law must be explained to
him and he must be asked whether he can follow that law regardless of his
personal views.@ 
Id. at 744; Jones v. State, 982 S.W.2d 386, 390 (Tex.
Crim. App. 1998), cert. denied, 528 U.S. 985 (1999); Curtis v. State,
205 S.W.3d 656, 659 (Tex. App.CFort
Worth 2006, pet. ref=d).  The defendant=s right
to an unbiased jury is both statutory and constitutional in nature.  See State v. Morales, 253 S.W.3d 686,
694 (Tex. Crim. App. 2008).








A juror
must be able to consider the full range of punishment for an offense, and a
defendant=s voir dire question about a
juror=s
ability to do so is generally proper.  Standefer
v. State, 59 S.W.3d 177, 181 (Tex. Crim. App. 2001); Banda v. State,
890 S.W.2d 42, 55 (Tex. Crim. App. 1994), cert. denied, 515 U.S. 1105
(1995); see Tex. Code Crim. Proc. Ann. art. 35.16(c)(2).  If a juror cannot consider an offense=s full
range of punishment, the juror is challengeable for cause.  Standefer, 59 S.W.3d at 181; see
Banda, 890 S.W.2d at 55 (explaining that a Aperson
who testifies unequivocally that he could not consider the minimum sentence as
a proper punishment for [an] offense . . . is properly the subject of a
challenge for cause@); Pierce v. State, 696
S.W.2d 899, 902B03 (Tex. Crim. App. 1985)
(holding that the trial court erroneously denied the defendant=s
challenge for cause when a panel member said that he could not consider
granting probation in a murder case); Von Byrd v. State, 569 S.W.2d 883,
891 (Tex. Crim. App. 1978), cert. denied, 441 U.S. 967 (1979).

Analysis

The
State discussed range of punishment issues with the jury panel during the voir
dire process.  For example, the State=s
prosecutor extensively explained to the jury their duty to consider the full
range of punishment without assuming any particular factual circumstances and
regardless of their personal views by stating, 

It=s a first-degree felony,
a minimum of five years all the way up to 99 years or life.  Remember, you don=t know what the facts are
yet.  You know what the elements are. . .
.  That=s why the legislature
gives you a big range of punishment.  You
don=t know what it=s going to be yet.  Okay? 
You don=t know. . . .

 

. . . .

 

Now, you guys have not heard any facts yet.  Okay? 
And in the same manner that you have to keep an open mind to whatever
the evidence may be and wait to make your decision as to whether or not someone
is guilty, it=s the same thing for
punishment.  You don=t know what the rest of
the story is.  You have to wait. . .
.  To sit on a jury, this is what=s required:  At this point without having heard anything,
you have to be able to keep an open mind. 
You have to be able to consider the full range of
punishment. . . .  Just
say you know what, I don=t know; I=m going to wait.  I=m going to wait to hear what it actually is. . .
.  And that=s the word we need from
you now.  And if you can=t give me that word, then
I need to know about it.  We both need to
know about it.

 

. . . .

 








. . .  I
need to make sure that you can be fair. 
And not having heard any evidence, just wait until you hear any
evidence, so that, you know, you can decide what=s appropriate.  And all we=re asking here is can you consider the full range
of punishment.  It doesn=t even mean you have to
give it.

 

. . . .

 

. . .  You
don=t have to give it.  You have to consider it. . . .

 

. . . .

 

. . . 
[Y]ou are not supposed to come into this jury box with any thoughts
ahead of time as to whether or not the defendant is guilty or what the facts
are.  We know what the law is at this
point and what he has been accused of. 
And you guys are going to have to say, I am going to wait to hear the
evidence.  Okay?  I have to wait to hear the evidence.

 

. . .  [A]t
this point in time, since you haven=t heard anything, you have to be able to consider
the full range.

 

. . . .

 

. . .  I am
just telling you what the law says.  It
says for you to be on a jury, to sit here and to make a decision . . ., you
have to be able to consider the full range. . . .[[2]]

 

Then, during part of his own voir dire
examination, Cardenas=s counsel said to the
jury,








All right.  Aggravated sexual
assault of a child.  Five to 99 years or
life, up to a $10,000 fine, possibility of probation, if you decide deserving
and sentence to under ten years.[[3]]  And we all agree that there=s different punishment
areas for different offenses, right? 
Speeding ticket going two miles an hour over the speed limit shouldn=t be fined as much as
somebody going 30 miles an hour; is that a fair statement?  I=m not saying that this is equivalent to a
speeding ticket.  But there are different
punishments.  And there is a big range of
punishments.  All right.

 








I want you to assume something. 
I want you to assume that you are sitting on a jury, okay?  I want you to assume that you have found
somebody guilty of sexual assault, aggravated sexual assault of a child.  They intentionally or knowingly caused the
penetration of the sexual organ of the complaining witness, of the victim, by
the means of the sexual organ or any other or with a finger or with touching
genital to genital.  I want you to assume
that there is no reasonable doubt, that you believe beyond a reasonable doubt
that the  person is guilty.  Okay? 
I want you to assume that it=s a unanimous decision amongst the 12 of you,
that all of you believe beyond a reasonable doubt that the person is
guilty.  Not consensual; it was an
intentional and knowing assault.[[4]]  Intentional and knowing basically means
wanting to do it; he meant to do it. 
This is the question:  Could you
honestly ever fairly consider on an aggravated sexual assault of a child as
little as five years in prison and give probation as an appropriate
punishment[?] 

 

Fifty-two members of the jury
panel answered the question negatively. 
Nobody asked those jurors to clarify or reweigh their negative answers
to the question.  After voir dire concluded,
as the trial court asked whether the parties had challenges for cause to each
remaining potential juror, the following exchange occurred:

THE
COURT:  [Panel member] No. 6?

[DEFENSE
COUNSEL]:  Range of punishment.

[STATE]: 
Judge, we would object to that. 
Counsel asked the wrong question, is the bottom line.  And frankly, to make it easier, I assume he
will challenge for cause numerous other jurors. 
There=s some that we would
agree to, but for the most part, he asked the wrong question, and that=s the bottom line.  His question very specifically was, ACan you honestly ever
fairly consider as little as five years in prison and give probation as an
appropriate punishment,@ and that=s not what the law
provides.  And frankly, I think this
court has been present in other jury selections where Defense counsel asked the
wrong question.  And the real question
that is supported by case law is if the facts justify it and the law allows it,
can you consider it.  And counsel very
specifically asked him to entertain a hypothetical and to imagine factual
circumstances where they could give that, and that=s inappropriate.  It=s the wrong question.  And we would agree to [some challenges, but]
[e]veryone else challenged under that question, we would object to.

 








Cardenas=s thirty
issues relate to the thirty jury panel members whom he similarly challenged
under Arange of
punishment@ and whom the trial court did
not release from the jury list by either granting that challenge or otherwise
excusing the jurors through the State=s
agreement or on other challengeable grounds. 
Those panel members=
negative responses to Cardenas=s
question show that they could not follow the law by considering the minimum
punishment and that they were therefore challengeable for cause.  See Standefer, 59 S.W.3d at
181; Banda, 890 S.W.2d at 55; see also Faulder v. State, 745
S.W.2d 327, 339 (Tex. Crim. App. 1987) (explaining that it is Aaxiomatic
that a prospective juror who states that he cannot consider [the full range of
punishment] is subject to challenge for cause@)
(citation omitted); Von Byrd, 569 S.W.2d at 891 (stating that it is Awell
established that the [defendant] has a right to challenge for cause any juror
who could not give the minimum punishment@).








However,
in its first response to Cardenas=s issue,
the State argues that he did not preserve error.  To preserve error on his challenges for
cause, Cardenas had to (1) assert a clear and specific challenge for cause, (2)
use a peremptory challenge on the complained‑of veniremember, (3) exhaust
all of his peremptory challenges, (4) request and be denied additional
peremptory challenges, and (5) be forced to accept an objectionable juror on
the jury.  Feldman, 71 S.W.3d at
744; Green v. State, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996), cert.
denied, 520 U.S. 1200 (1997). 
Cardenas did all of these things; the State has not argued otherwise.








Nonetheless,
the State argues that Cardenas still did not preserve error because he did not
ensure that the jury panel understood the law=s
requirements and could not overcome their prejudice well enough to follow
them.  But leading up to his question, as
indicated above, Cardenas=s counsel did explain the law on
punishment to the panel.  And, as the
State argues, although Cardenas=s
counsel did not follow up with additional questions to the jurors individually
about overcoming their respective prejudices after they unequivocally indicated
that they could not consider giving a person convicted of aggravated sexual
assault of a child the minimum statutory punishment, including probation, we
hold that under the limited circumstances of this case, such a follow-up
question was not required.  The jury had
previously been repeatedly informed by the trial court and the State that a
jury must act without prejudice and that the law commands that they consider
the minimum punishment regardless of their personal views, and in that context,
the panel members= answers to the question at
issue demonstrated that they could not do so.[5]

Secondly,
the State asserts that the trial court did not abuse its discretion by denying
Cardenas=s
challenges because his counsel=s
question sought an improper commitment from the panel members.  The State contends that the question failed
the first and third parts of the test for valid commitment questions as set
forth in Standefer.








The
determination of whether a question is a proper commitment question is a three‑part
test:  (1) is the question a commitment
question; (2) could a possible answer to the question produce a valid
challenge for cause because it would show that a juror would not follow the
law; and (3) does the question only contain the facts required to make such a
challenge.  See Tijerina v. State,
202 S.W.3d 299, 302 (Tex. App.CFort
Worth 2006, pet. ref=d) (op. on reh=g).  A question is a commitment questionCalthough
not necessarily an improper commitment questionCwhen it
commits a prospective juror to resolve, or refrain from resolving, an issue in
a certain way after learning a particular fact. 
See Standefer, 59 S.W.3d at 179B80; Lydia
v. State, 117 S.W.3d 902, 905 (Tex. App.CFort
Worth 2003, pet. ref=d) (op. on remand).  Counsel may ask prospective jurors whether
they can follow the law when it requires a certain type of commitment from
jurors and when the question states only the facts required to establish a
challenge for cause; however, when Athe law
does not require the commitment, a commitment question is invariably improper.@  Standefer, 59 S.W.3d at 181; see
Lydia, 117 S.W.3d at 905.

As we
have explained, the law requires potential jurors to consider the full range of
punishment; thus, although Cardenas=s
counsel=s
question connected hypothetical facts (the jury=s
finding of guilt for aggravated sexual assault of a child) to the resolution of
a legal issue (consideration of the minimum punishment), the question was not
improper on the first part of the commitment question test.  See Standefer, 59 S.W.3d at 181
(stating that Aquestions concerning a juror=s
ability to consider the full range of punishment for a particular offense meet
the . . . definition of commitment questions but are nevertheless proper@); Rivera
v. State, 82 S.W.3d 64, 66 n.2 (Tex. App.CSan Antonio
2002, pet. ref=d).








The
State has also argued on the final page of its brief and during oral argument
that the question fails the third part of the Standefer testCwhich
requires the question to include only the facts necessary for a challenge for
causeCbecause
it allegedly Acontained the approximate age of
the victim, the type of assault, and the manner and means of the actual
assault.@[6]  But the State has not explained how the
lead-in to Cardenas=s counsel=s
question[7]
about the offense=s alleged Amanner
and means@ (presumably the part of the
question that hypothesized that the jury had found someone guilty of
penetrating the sexual organ of the complaining witness Aby the
means of the sexual organ or any other or with a finger or with touching
genital to genital@) affected the veniremembers=
responsibility in this particular case to consider the entire range of
punishment for the offenses.  The alleged
Amanner
and means@ described by Cardenas=s
counsel directly corresponds with the indictment=s
allegations.  See Barajas v. State,
93 S.W.3d 36, 38 n.1 (Tex. Crim. App. 2002) (stating that under Standefer,
Aparties
may not ask whether venire members can consider probation under the particular
facts of the case beyond the offense as charged in the indictment@).













Also,
the State=s indictment did not aver
that Cardenas=s alleged contact with the
victim=s sexual
organ with either his finger or with his own sexual organ were different manners
and means of committing one offense at all; rather, the State alleged that
Cardenas=s
alleged contact with the victim in these ways comprised independent offenses
for which the State sought separate convictions.  See Tex. Penal Code Ann. '
22.021(a)(1)(B)(i), (a)(1)(B)(iii) (stating that a person commits aggravated
sexual assault of a child if the person Acauses
the penetration of the anus or sexual organ of a child by any means@ or
if the person Acauses the sexual organ of a
child to contact or penetrate the mouth, anus, or sexual organ of another
person, including the actor@);
Vick v. State, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999) (holding that the
various methods of contact described by section 22.021(a)(1)(B) comprise Adistinct
statutory offense[s]@ for which multiple convictions
may be obtained); McGlothlin v. State, 260 S.W.3d 124, 126B29 (Tex.
App.CFort
Worth 2008, pet. ref=d).  Thus, Cardenas=s
counsel=s
question can be read as properly asking the jury whether they could consider
the minimum punishment upon conviction of two of the specific crimes (beyond
generally referencing aggravated sexual assault of a child)Cnot the
specific manners and means of those crimesCthat
were contained in the indictment.  In
other words, the question did not give unnecessary, additional details about
Cardenas=s charges;
the question simply described the core elements of the charges.  Therefore, we hold that under the facts of
this case, the specification of the methods of sexual contact in Cardenas=s
counsel=s
question did not negate the potency of the question to establish that the
veniremembers could not follow the law on punishment and were therefore
challengeable for cause.[8]








For all
of these reasons, we hold that the trial court abused its discretion by denying
Cardenas=s
challenges for cause to jurors who unequivocally stated that they could not
consider the full range of punishment for Cardenas=s
charges.  See Newbury, 135 S.W.3d
at 32; Standefer, 59 S.W.3d at 181; Banda, 890 S.W.2d at 55.  Specifically, we sustain Cardenas=s second
issue, regarding the denial of his challenge for cause to juror number 28.  Cardenas was harmed because of the denial as
to juror number 28 because he (1) used a peremptory strike to remove juror
number 28, (2) exhausted his peremptory strikes, (3) requested and was denied
additional peremptory strikes, and (4) identified three specific objectionable
veniremembers who sat on the jury and on whom he would have exercised
peremptory strikes.[9]  See Johnson v. State, 43
S.W.3d 1, 7 (Tex. Crim. App. 2001) (holding that harm for a denial of a
challenge to cause, which is based under the nonconstitutional error standard
of rule of appellate procedure 44.2(b), requires these four elements); see
also Busby v. State, 253 S.W.3d 661, 670 (Tex. Crim. App.), cert. denied,
129 S. Ct. 625 (2008).  Because we
sustain his second issue, we decline to specifically address his other
twenty-nine issues.  See Tex. R.
App. P. 47.1.

Conclusion

Having
sustained Cardenas=s second issue, we reverse the
trial court=s judgment convicting Cardenas
of counts one, two, and four of the State=s
indictment, and we remand this case to the trial court for a new trial to
decide his guilt and his punishment on those three counts.  See Tex. Code Crim. Proc. Ann. art.
44.29(a) (Vernon Supp. 2009); Johnson, 43 S.W.3d at 7; Carson v.
State, 6 S.W.3d 536, 539 (Tex. Crim. App. 1999).

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL:  CAYCE, C.J.; LIVINGSTON
and WALKER, JJ.

 

CAYCE, C.J. dissents without opinion. 

 

PUBLISH

 

DELIVERED:  November 25, 2009











[1]The trial court granted
Cardenas=s motion for a directed
verdict of not guilty on one of the aggravated sexual assault counts.





[2]In relation to the jury=s role in assessing
punishment, the prosecutor had also previously said, AThe jury must base their
verdict on the evidence heard in the courtroom, okay?  And not on your personal experience. . .
.  People with strong feelings are not
automatically disqualified. . . . 
However, you can be disqualified if you have already made up your minds
about this case without hearing and considering the evidence.@





[3]This was the correct
punishment range for aggravated sexual assault under the facts of this case at
the time of Cardenas=s alleged criminal act in
2005.  See Tex. Penal Code
Ann. '' 12.32, 22.021(e) (Vernon
Supp. 2009).  For offenses committed
on or after September 1, 2007, the minimum term of confinement for aggravated
sexual assault of a child younger than six years old is twenty-five years.  Act of May 18, 2007, 80th Leg., R.S., ch.
593, ' 1.18, 2007 Tex. Gen.
Laws 1120, 1128 (current version at Tex. Penal Code Ann. ' 22.021(f)).  Also, for offenses committed on or after
September 1, 2007, a jury may not recommend probation in an aggravated sexual
assault case when the victim is younger than fourteen years old.  Act of May 18, 2007, 80th Leg., R.S., ch.
593, ' 1.06, 2007 Tex. Gen.
Laws 1120, 1123 (current version at Tex. Code Crim. Proc. Ann. art. 42.12 ' (4)(d)(5) (Vernon Supp.
2009)).





[4]Cardenas=s counsel tracked the
language of the statute in his question for aggravated sexual assault regarding
the defendant=s intentional or knowing
state of mind.  See Tex. Penal
Code Ann. ' 22.021(a)(1)(B).





[5]At oral argument, the
State relied on the court of criminal appeals=s Jones decision
to propose that Cardenas=s counsel was required to
follow up with each of the panel members who answered his question negatively.
However, we cannot find any language in the Jones opinion that requires
further questioning under the circumstances at issue here.  See Jones, 982 S.W.2d at 388B90.





[6]The question quoted above
does not state the age of the victim beyond the question=s language that the
charge involved a child.





[7]The question was asked by
Cardenas=s counsel and answered by
the panel members without any objection by the State regarding an allegation
that it required an improper commitment or was improper on any other basis.





[8]We note that the State=s prosecutor also
discussed particular methods of sexual contact during his questioning on the
range of punishment for Cardenas=s offenses.





[9]Specifically, Cardenas
asserted that he would have struck three panel members who served on the jury
because a mother of one of the jurors was a child abuse victim, another juror
is an elementary school teacher, and the third juror is a nurse and has Aexperience in different
things that makes her undesirable.@