**Randolph Walter BARTON, Appellant,**

v.

**The STATE of Texas.**

**No. 1627–99.**

Court of Criminal Appeals of Texas.

June 28, 2000.

Douglas M. O'Brien, Houston, for appellant.

Barbara A. Brumheller, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## *O P I N I O N*

MEYERS, J., delivered the unanimous opinion of the Court.

A jury convicted appellant of the misdemeanor offense of criminal trespass of a habitation. *See* TEX. PENAL CODE ANN. § 30.05(a) (Vernon 1994). As a result, he was sentenced to one year community supervision and assessed a $4,000 fine. As a condition of his community supervision, the trial court ordered appellant to pay $10,000 in restitution. Appellant appealed the restitution order, arguing that there was no factual basis in the record to support the amount of the trial court's award. A majority of the Court of Appeals agreed that the amount of the restitution award was not supported by the record, reversed the judgment of the trial court, and remanded the cause for a new punishment hearing. *See Barton v. State*, No. 14097–0193–CR, slip op. at 3, 1999 WL 548218 (Tex.App.-Houston [14[th] Dist.] July 29, 1999) (not designated for publication).

In determining that a new punishment hearing was warranted, the appellate court expressly rejected the State's argument that where the record is insufficient to support the amount of restitution ordered as a condition of probation, the proper remedy under *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex.Crim.App. [Panel Op.] 1980), is to remand the cause to the trial court for a new *restitution* hearing. *Barton*, slip op. at 3, 1999 WL 548218. The lower court concluded that the remedy announced in *Cartwright* was superceded by the 1987 enactment of Texas Code of Criminal Procedure article 44.29(b).[1] *Id.* It therefore held that where the record does not support the amount of restitution ordered, and the proper amount cannot be determined from the record, article 44.29(b) requires that the case be remanded for a new trial on the issue of punishment. *Id.* (citing *Garza v. State*, 841 S.W.2d 19, 23 (Tex.App.-Dallas 1992, no pet.)). In a dissenting opinion, Justice Hudson concluded that the enactment of article 44.29(b) did not impact the analysis in *Cartwright*, and that the appeal should be abated and the cause remanded to the trial court only for a proper determination of restitution. *Id.*, slip op. at 2, 1999 WL 548218 (Hudson, J., dissenting). We granted both the State's and Appellant's Petitions for Discretionary Review to determine whether the Court of Appeals erred in ordering a new punishment trial.[2]

■ The Code of Criminal Procedure gives a trial judge broad discretion in im-

---

1. Article 44.29(b) currently provides, in relevant part:

   (b) If the court of appeals or the Court of Criminal Appeals awards a new trial to a defendant other than a defendant convicted of an offense under Section 19.03, Penal Code, only on the basis of an error or errors made in the punishment stage of trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of trial under Subsection (b), Section 2, Article 37.07, of this code. . . .

TEX.CRIM. PROC.CODE ANN. art 44.29(b) (Vernon Supp.2000).

2. We granted the State's and appellant's petitions on nearly identical issues. The State's ground for review maintains, "[t]he Court of Appeals erred in reversing this matter and ordering a new punishment hearing rather than simply remanding this case to the trial court for a restitution hearing." Appellant's ground for review states, "[t]he Court of Appeals erred in reversing and ordering a new punishment hearing rather than either deleting the order of restitution as a condition of probation or remanding to the trial court for a restitution hearing."

posing conditions of community supervision. *See* Tex.Crim. Proc.Code Ann. art. 42.12, § 11(a) (Vernon Supp.2000) ("The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant"). Nevertheless, where a trial judge imposes an "invalid" condition, "the proper remedy is to reform the judgment of conviction by deleting the condition." *Ex parte Pena*, 739 S.W.2d 50, 51 (Tex. Crim.App.1987) (deleting condition where trial judge was without lawful authority to impose jail time as condition of probation); *see also Ex parte Gingell*, 842 S.W.2d 284, 285 (Tex.Crim.App.1992) (holding trial court lacked authority to impose electronic monitoring condition, and deleting the provision as a condition of applicant's deferred adjudication probation); *Milligan v. State*, 465 S.W.2d 157, 158–59 (Tex.Crim.App. 1971) (holding that trial judge was not authorized to impose jail time as condition of probation, and deleting the 90 day jail penalty). Where restitution is a lawful condition of community supervision, but the specific amount imposed by the trial court is unsupported by the record, this Court has held that the proper remedy is to abate the appeal, set aside the amount of restitution, and remand the cause for a hearing to determine a just amount of restitution.[3] *See Cartwright*, 605 S.W.2d at 289 (comparing *Bullard v. State*, 533 S.W.2d 812, 816 (Tex.Crim.App.1976)). The question presented by the instant appeal is whether the enactment of article 44.29(b) had any effect on the remedy announced in *Cartwright.*

At the time of this Court's decision in *Cartwright*, the Code of Criminal Procedure stated: "Where the Court of Criminal Appeals awards a new trial to the defendant, the cause shall stand as it would have stood in case the new trial had been granted by the court below." *See* Tex.Crim. Proc.Code Ann. art. 44.29 (Vernon 1979). Article 44.29 was interpreted to mean that any reversible error committed at either stage of trial required a new trial on the issue of both guilt/innocence and punishment, even if the error was confined to the punishment stage of the proceedings. *See Carson v. State*, 6 S.W.3d 536, 538 (Tex.Crim.App.1999) (citation omitted); *Ellison v. State*, 432 S.W.2d 955, 957 (Tex.Crim.App.1968). The *Cartwright* Court did not explicitly mention what bearing article 44.29 had on the case. Nevertheless, the Court's decision to remand the case for a new restitution hearing rather than a new trial, coupled with its emphasis on the fact that the error involved a condition of probation over which the trial court had continuing jurisdiction, implied that the lack of a sufficient record to sustain a restitution award did not amount to "reversible error" so as to trigger the procedure outlined in the article. *See Cartwright*, 605 S.W.2d at 289.

■ In 1987, the Texas Legislature revised article 44.29 to require that the procedure employed on remand from a finding of reversible error be predicated on which

---

3. There is no dispute that the trial judge in the instant case was within his lawful authority to require restitution to appellant's victim as a condition of community supervision. ·*See* Tex.Crim. Proc.Code Ann. art. 42.12, §§ 11(a)(20) & (b) (Vernon Supp.2000); *Martin v. State*, 874 S.W.2d 674, 682 (Tex.Crim. App.1994) ("trial judge's authority to order restitution requires only: (1) that there be a *factual* basis in the record to conclude the defendant is liable for the criminal conduct … *and* (2) that there be a *factual* basis to determine the amount of restitution") (internal citations omitted). Instead, the error cited by the Court of Appeals stemmed from the lack of a factual basis for the *amount* of restitution imposed. Therefore, the condition fits within the remedy announced in *Cartwright* rather than that set forth by the *Pena* Court. *Compare Gordon v. State*, 707 S.W.2d 626, 629 (Tex.Crim.App.1986) (holding trial court was without authority to order appellant to pay restitution for losses caused by offense for which appellant was not criminally responsible, and deleting restitution as condition of probation) (citation omitted). Thus, the relief requested by appellant—namely, deleting the restitution condition altogether—is not appropriate in the instant case.

phase of the proceedings the error occurred. The plain language of article 44.29 now tells us two things:

> (1) if an appellate court finds that there was [reversible] error committed at the guilt/innocence stage of the trial, the defendant is entitled to a new trial; (2) if an appellate court finds that there was [reversible] error committed at the punishment stage of the trial (except for convictions under TEX. PEN.CODE § 19.03), the defendant is entitled to a new trial on punishment only.

*Rent v. State,* 982 S.W.2d 382, 385 (Tex. Crim.App.1998). Nevertheless, the current version of article 44.29, like its predecessor, does not define what constitutes "reversible error." More specifically, no change was made to the statute to suggest that error regarding a condition of community supervision was to be considered reversible error requiring a new punishment trial. We therefore assume that the Legislature was aware of the remedy crafted by this Court in *Cartwright* when it amended the statute and chose not to alter that procedure. *See Moore v. State,* 868 S.W.2d 787, 790 (Tex.Crim.App.1993).

Article 44.29(b) did not supercede the remedy announced in *Cartwright.* The proper procedure where the amount of restitution ordered as a condition of community supervision is not supported by the record is to abate the appeal, set aside the amount of restitution, and remand the case for a hearing to determine a just amount of restitution. *See Cartwright,* 605 S.W.2d at 289. The State's and appellant's grounds for review are sustained, the portion of the Court of Appeals' judgment remanding the cause for a new punishment hearing is vacated, and the case is remanded to the trial court for a new restitution hearing.