In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-257 CR


____________________



HOMER D. LEE, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 85047






 MEMORANDUM OPINION 


 Homer D. Lee, Jr. appeals from the trial court's judgment ordering him to pay
$10,560.34 in assessed fees. Because we find that the court's assessment of fees is not
sufficiently supported by the facts contained in the record, we abate this appeal, set aside the
part of the judgment assessing fees in the amount of $10,560.34, and remand the case.

 Pursuant to a 2001 plea-bargain agreement, Lee pled guilty to aggravated sexual
assault of a child. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2006). (1) The trial court
deferred the adjudication of Lee's guilt, placed him on community supervision for ten years,
and fined him $1,000. Subsequently, the State filed a motion to revoke and alleged Lee
violated certain terms of his community supervision order. Included in the State's motion
were two allegations that Lee's urine samples tested positive for cocaine and a third
allegation that Lee had failed to pay court-assessed fees in the amount of $6,150.34. At his
revocation hearing, Lee pled true to these three allegations. The trial court found there was
sufficient evidence to support the pleas of true, granted the motion to revoke, and sentenced
Lee to a term of twenty-five years' confinement. The trial court's judgment ordered Lee to
pay $10,560.34 in "Administrative Financial Obligations." The State concedes that the
record contains no facts sufficient to justify the total amount of $10,560.34, and contends that
the record does support an assessment of "Administrative Financial Obligations" in the
amount of $6,150.34 because this is the amount to which Lee pled "true."

 On appeal, Lee raises nine issues. Generally, Lee contends that the court erred or
abused its discretion in ordering him to pay $10,560.34. The disputed portion of the
judgment states:

 TOTAL AMOUNT OF RESTITUTION: $0.00; $10,560.34 - Administrative 

 Financial Obligations


 NAME AND ADDRESS FOR RESTITUTION: Jeff. Co. Community Superv. & 

 Corrections Dept.[,] 820 Neches[,]
Beaumont, TX 77701


 Before considering the dispositive issue in this case, we address one argument that
Lee makes throughout his brief-that the trial court violated his rights to due process by
failing to inquire or hear evidence about whether his failure to pay was willful or intentional. 
Lee relies principally on Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221
(1983). Bearden, however, involves the revocation of probation solely because the defendant
failed to pay fines and restitution. 461 U.S. at 672-73. In contrast, Lee's revocation is based
not just on his failure to pay the assessed fees but also on two instances of positive cocaine
tests. Thus, Bearden is distinguishable and does not apply to Lee's circumstances. See Kirk
v. State, 949 S.W.2d 769, 772 (Tex. App.-Dallas 1997, pet. ref'd) (finding that "a defendant
must show that the fine or restitution is the cause of his confinement").

 In issue four, Lee argues that because the trial court's oral pronouncement of his
sentence included no fees, the trial court abused its discretion by assessing fees in the written
judgment. Lee contends that we should reform the judgment. We agree that the trial court
abused its discretion in entering judgment for fees when the record did not sufficiently
support the factual basis for the fees. However, we disagree with Lee's contention that the
trial court had to orally pronounce the fees at sentencing, and his contention that we should
reform the judgment to delete the trial court's assessment of fees.

 Revia v. State is a recent, unpublished case from this Court. Revia v. State, No. 09-07-068 CR, 2007 WL 2446099, at *2 (Tex. App.-Beaumont Aug. 29, 2007, no pet. h.) (not
designated for publication). While Revia is not binding precedent, it presents facts similar
to this case. See Tex. R. App. P. 77.3. In Revia, we determined that certain assessments
against a deferred adjudication defendant-such as supervision fees, court costs, crime
stoppers' fees, or fees associated with presentence investigation reports-were not part of the
defendant's punishment and that the trial court did not have to orally pronounce these
assessments at sentencing. Id. In contrast, the trial court must orally assess fines at
sentencing in deferred adjudication cases because the fines are part of the punishment. See
Taylor v. State, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) ("Since the judge did not orally
assess a fine as part of Taylor's sentence when guilt was adjudicated, the Court of Appeals
was correct to delete the fine from the judgment."). In Revia, we reformed the judgment to
delete the fine that the trial court did not orally assess and to delete a duplicated charge for 
fees, and, as reformed, we affirmed the judgment. Revia, 2007 WL 2446099, at *3. 

 In this case, however, Lee's judgment does not include a fine that would require oral
pronouncement. See Taylor, 131 S.W.3d at 502. Further, the record contains insufficient
evidence to support the trial court's assessment of $10,560.34 in administrative financial
obligations. (2)
 Rather, the record contains only Lee's plea of "true" to the allegation that he
owed the sum of $6,150.34 for court-assessed fees. (3) 

 When the facts in the record are insufficient to allow us to reform the trial court's
assessment of fees, we conclude that the proper remedy is to remand the case to the trial
court. In a restitution case, the Court of Criminal Appeals held that when insufficient
evidence supports the amount of restitution ordered by the trial court, the proper procedure
is to abate the appeal, set aside the amount of restitution, and remand the case for a hearing
to determine a just amount of restitution. See Barton v. State, 21 S.W.3d 287, 290 (Tex.
Crim. App. 2000). We conclude that the proper remedy here is also to remand the matter to
the trial court to determine the proper amount of fees that should be assessed. Cf. id.

 Thus, we sustain issue four to the extent it complains that the trial court abused its
discretion when it entered a judgment for fees without a sufficient factual basis in the record. 
As Lee's remaining issues would afford him no greater relief than we grant under issue four,
we need not consider them. See Tex. R. App. P. 47.1.

 Accordingly, we abate the appeal, set aside the assessed fees in the amount of
$10,560.34, and remand the case for a hearing to determine the proper fees to assess in the
judgment.

 ABATED AND REMANDED.


 ____________________________

 HOLLIS HORTON

 Justice 


Submitted on August 24, 2007

Opinion Delivered October 24, 2007

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. We cite the current version of the statute, as there are no material changes in the
amended statute that are pertinent to this case.
2. The judgment includes the following language: "Punishment and Place of
Confinement: Twenty-five (25) years in the Institutional Division-TDCJ, and a $0.00
fine[.]" (emphasis added). 

3. Lee's deferred adjudication order required him to pay $85 monthly for the following: 
(1) a fine of $1,000, (2) supervision fees of $60 per month, (3) court costs of $199.25, (4) PSI
fee of $350, (5) attorney's fee of $500, (6) crime stopper's fee of $50. [cr14] See Tex. Code
Crim. Proc. Ann. art. 42.12 §§ 11(a)(8), (10), (21) (Vernon 2006) (fines and all court costs,
attorney's fees, crime stoppers organization); Tex. Gov't Code Ann. § 103.021(9) (Vernon
Supp. 2006) (community supervision fee). 


 We further note that chapter 102 of the Texas Code of Criminal Procedure (entitled
"Costs Paid by Defendants") and section 103.021 of the Texas Government Code (entitled
"Additional Fees and Costs in Criminal or Civil Cases) both contain various fees that the trial
court may assess against a defendant. See Tex. Code Crim. Proc. Ann. ch.102 (Vernon
2006); Tex. Gov't Code Ann. § 103.021 (Vernon Supp. 2006).