# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00600-CR

**Ryan Tony Davis, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
NO. 7975, HONORABLE C.W. DUNCAN, JR., JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

During the predawn hours of August 9, 2006, appellant Ryan Tony Davis and a companion broke into the Lampasas High School building and stole, damaged, or destroyed property having a value of more than $29,000.  Based on this evidence, a jury convicted appellant of burglary and assessed his punishment at two years in state jail and a $5,000 fine.  *See* Tex. Penal Code Ann. § 30.02 (West 2003).  In two issues, appellant contends that the trial court should have ordered a mistrial after the jury saw him wearing physical restraints and that the court's restitution order is unsupported by the record.  We overrule the first issue, abate the appeal, and remand the cause to the trial court for a restitution hearing.

After the lunch recess taken while the jury was deliberating appellant's guilt or innocence, defense counsel told the court that jurors had seen appellant as he was returned to the courthouse from the jail wearing handcuffs and "some kind of restraining belt."  The prosecutor

responded that "this is a small rural courthouse" and that "it's almost impossible to convey anyone to and from the [jail] facility without somebody seeing them. . . . [I]t's not uncommon for that to take place." The jurors were brought to the courtroom and asked by the court to "raise your hand if during the recess you encountered the defendant in any manner." One of the jurors told the court that he had seen appellant "walking away from me." Another juror said that she had seen appellant crossing the street. Two other jurors indicated that they had seen appellant, but did not state the circumstances. Each of these jurors answered in the negative when asked by the court if anything in the encounter with appellant had impressed him or her in any way, for or against appellant. After the jurors left the courtroom, appellant's motion for mistrial was overruled.[1]

Requiring the accused to appear before the jury wearing handcuffs or other restraints infringes his constitutional presumption of innocence. *Clark v. State*, 717 S.W.2d 910, 918 (Tex. Crim. App. 1986). However, a momentary, inadvertent, and fortuitous encounter away from the courtroom between a handcuffed defendant and one or more of the jurors does not necessarily call for a mistrial or a reversal. *Id*. at 918-19. Although appellant does not contend that the incident in question was anything other than a brief chance encounter, he refers to the prosecutor's statement that such encounters are "not uncommon" and urges that his conviction should be reversed as, in effect, a lesson to Lampasas County authorities.

While jail authorities should take all reasonable precautions to avoid contact between a restrained defendant and the jurors hearing his case, there is no evidence that such precautions were

---

[1] The court then called the jurors back to the courtroom and instructed them to disregard any encounter with appellant they may have had, but the record reflects that the jurors had arrived at their verdict by that time.

not taken in this case. Moreover, there is no evidence that any of the jurors who saw appellant during the lunch recess noticed the handcuffs or restraining belt. Each juror who saw appellant said that the encounter made no impression. The trial court did not abuse its discretion by denying the requested mistrial. Issue one is overruled.

Appellant's second issue challenges the trial court's order, contained in the judgment of conviction, that he pay $29,419.20 in restitution to the Lampasas Independent School District. *See* Tex. Code Crim. Proc. Ann. art. 42.037 (West Supp. 2007). The school district's purchasing and insurance coordinator testified that the district's losses from this incident totaled $29,419.20. The witness also testified that the district's insurer paid the loss in full, less a $5,000 deductible. Appellant argues that because the school district was compensated for its loss, the restitution order should be deleted from the judgment. The State concedes that the school district is not entitled to the amount of restitution ordered, but it urges the Court to reform the restitution order to state that $5,000 is to be paid to the district and $24,419.20 is to be paid to the district's insurer.

A trial court may not order restitution for a loss for which the victim has received or will receive compensation from a source other than the compensation to victims of crime fund. *Id*. art. 42.037(f)(1). In the interest of justice, however, a trial court may order restitution to any person who has compensated the victim for the loss to the extent the person paid compensation. *Id*. This has been held to authorize restitution to an insurer that compensated the victim. *In re M.S.*, 985 S.W.2d 278, 281 (Tex. App.—Corpus Christi 1999, pet. denied).

An appellate court may reform a trial court judgment to make the record speak the truth when it has the necessary data and information to do so. *Tyler v. State*, 137 S.W.3d 261, 267-

3

68 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (reforming judgment to reflect that restitution was to be paid to victim's estate, as provided by statute, rather than to victim's heirs); *see also Lemos v. State*, 27 S.W.3d 42, 49 (Tex. App.—San Antonio 2000, pet. ref'd) (reforming judgment to delete portion of restitution ordered for ineligible losses and expenses). In this case, however, the trial court's restitution order is inherently ambiguous. On the one hand, the order that appellant pay $29,419.20 suggests that the court intended to order restitution to both the district and the district's insurer. On the other hand, the court expressly ordered restitution only to the district. It would be inappropriate to reform the trial court's judgment when the court's intent is not clear.

When a trial court is authorized to order restitution but the amount of restitution ordered is not supported by the record, the proper remedy is to abate the appeal, set aside the amount of restitution ordered, and remand the cause for a hearing to determine the proper amount of restitution. *Barton v. State*, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000) (citing *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980)). We acknowledge that there are cases in which courts of appeals have simply deleted a restitution order after finding that it was not supported by the evidence. *See Wallace v. State*, 75 S.W.3d 576, 583 (Tex. App.—Texarkana 2002), *aff'd on other grounds*, 106 S.W.3d 103 (Tex. Crim. App. 2003); *Gonzalez v. State*, 954 S.W.2d 98, 106 (Tex. App.—San Antonio 1997, no pet.); *Botello v. State*, 693 S.W.2d 528, 530 (Tex. App.—Corpus Christi 1985, pet. ref'd); *Barker v. State*, 662 S.W.2d 640, 642 (Tex. App.—Houston [14th Dist.] 1983, no pet.). Most of these opinions predate *Barton* and none of them persuasively explains why the holdings in *Barton* and *Cartwright* should not apply. At least one other court has followed the

4

procedure outlined in *Barton*. *See Drilling v. State*, 134 S.W.3d 468, 471 (Tex. App.—Waco 2004, no pet.).

We are also guided by the recent opinion in *Beedy v. State*, Nos. PD-1224-06 & PD-1225-06, 2008 Tex. Crim. App. LEXIS 451 (Tex. Crim. App. Apr. 2, 2008). At issue was the appropriate remedy when the trial court imposes an invalid condition of community supervision. The court of criminal appeals wrote:

> The remedy applied depends on whether the trial judge acted lawfully. The trial judge in *Barton* was authorized to order restitution; the only defect present was that the amount of restitution was unsupported by the record. A remand for the purpose of a restitution hearing was therefore appropriate. *Ex parte Pena*, [739 S.W.2d 50, 51 (Tex. Crim. App. 1987)], in contrast, involved a condition of community supervision that was not authorized. It was therefore proper to delete the invalid condition without remanding for additional proceedings, including a remand so that the trial judge could consider the imposition of an alternative, lawful condition.

*Id*. at \*12-13. Although *Beedy*, *Barton*, and *Cartwright* were each concerned with restitution ordered as a condition of probation, the court of criminal appeals has approved the same procedure in a case where the trial court made a restitution finding for the future guidance of the parole board. *Campbell v. State*, 942 S.W.2d 738, 741 (Tex. App.—Dallas 1997), *aff'd*, 5 S.W.3d 693, 697 (Tex. Crim. App. 1999).

In this case, the trial court was authorized to order appellant to pay restitution to the school district, but the amount the court ordered appellant to pay is not supported by the record. To this extent, appellant's second issue is sustained. Guided by the court of criminal appeals, we set aside the restitution order, abate the appeal, and remand the cause to the trial court for a restitution hearing. The court shall prepare and file written findings of fact and conclusions of law specifying

5

to whom (with name and address) and in what amount restitution is to be made. The hearing record and the trial court's written findings and conclusions shall be filed in this Court as a supplemental appellate record no later than thirty days from the date of this opinion. Appellant will have thirty days from the date the supplemental record is filed to file a supplemental brief addressing the trial court's findings and conclusions.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Abated

Filed:   June 13, 2008

Do Not Publish