IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1642-07






SERGIO VELA BARRERA, Appellant



v.



THE STATE OF TEXAS





ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW


IN CAUSE NO. 13-03-707-CR FROM THE 13TH COURT OF APPEALS


HIDALGO COUNTY






 Holcomb, J., delivered the opinion of the Court, in which Keller, P.J.,
and Price, Womack, Johnson, Keasler, Hervey, and Cochran, JJ.,
joined. Meyers, J., did not participate.



 The trial court ordered appellant to pay restitution to his victim's estate although there was
no evidence presented at trial to support such an order. (1) The court of appeals held that the proper
remedy for the trial court's error was deletion of the restitution order from the trial court's judgment. 
We reverse and remand.

 On September 17, 2002, an Hidalgo County grand jury returned an indictment charging
appellant with the murder of Maria del Socorro Barrera. See Tex. Pen. Code § 19.02(b)(1). On July
22, 2003, the State brought appellant to trial before a jury on his plea of not guilty. After hearing all
the evidence at the guilt stage, the jury found appellant guilty as charged in the indictment. After
hearing additional evidence at the punishment stage, the jury assessed appellant's punishment at
imprisonment for 99 years and a fine of $10,000. Shortly thereafter, the following transpired:

 Trial Court: Finding no reason not to pronounce sentence against you, I sentence you
to serve in the Institutional Division of the Texas Department of Criminal Justice for
a term of 99 years and assess a fine in the amount of $10,000.

 * * *


 You are ordered to pay restitution in the amount of -

 

 Prosecutor: I don't know, Judge.

 

 Trial Court: Is the family here?

 

 Prosecutor: The family is here, Judge.

 

 Trial Court: Do you know what the funeral charges, expenses, were?

 

 Prosecutor: $12,000.

 

 Trial Court: Were there funeral expenses?

 

 Prosecutor: Yes, those are the funeral expenses.

 

 Trial Court: You are ordered to pay restitution in the amount of $12,000 to the family
of the victim.


 At trial, appellant objected to neither the trial court's legal authority to issue the restitution
order nor the evidentiary basis for that order. (2) See Tex. Code Crim. Proc. art. 42.037(a), (c), (d) &
(k). On direct appeal, however, appellant argued that the trial court erred in ordering him to pay
restitution because there was an insufficient evidentiary basis for such an order. The State's response
to appellant's argument was two-fold. The State argued first that "[a]ppellant's complaint was not
preserved [for appellate review] because [he] failed to object when restitution was imposed." The
State argued second that the trial court's restitution order was adequately supported by the
prosecutor's statement to the trial court, recounted above, regarding the victim's funeral expenses. 

 The court of appeals, citing our decision in Idowu v. State, 73 S.W.3d 918 (Tex.Crim.App.
2002), held that appellant could challenge, for the first time on appeal, the evidentiary basis for the
trial court's restitution order. (3) Barrera v. State, 235 S.W.3d 326, 332 (Tex.App.-Corpus Christi
2007). The court of appeals also held, as appellant had argued, that the trial court's restitution order
lacked a sufficient evidentiary basis. Id. at 332. Finally, the court of appeals held that the proper
remedy for the trial court's error was deletion of the restitution order from the trial court's judgment. 
Id. at 333. The court of appeals explained that last holding as follows:

 "We . . . believe that in a case such as this - in which (1) restitution has been
imposed along with a sentence of confinement, (2) restitution as a condition of
probation or community supervision is not involved, and (3) there is insufficient
evidence to support the amount of restitution ordered - the proper course of action
is to delete the portion of the trial court's judgment ordering restitution. A trial court
has no continuing jurisdiction under these circumstances, and the State should not be
afforded a second opportunity to present legally sufficient evidence." Ibid.


The court of appeals affirmed the trial court's judgment as modified. Ibid.

 The State later filed a petition for discretionary review asserting one ground for review,
which we granted. (4) See Tex. R. App. Proc. 66.3(c). In its petition and accompanying brief, the State
argues that the court of appeals, after holding that the trial court's restitution order lacked a sufficient
evidentiary basis, should have remanded the case to the trial court for a new restitution hearing rather
than simply deleting the restitution order from the trial court's judgment. The State argues further
that "[r]emanding for a new restitution hearing [would] honor[] the legislative intent that restitution
be awarded [to crime victims or their estates], and it would carr[y] out the trial court's intended
punishment." Appellant argues in response that the reasoning of the court of appeals is sound and
that we should adopt it. He also argues that a remand of the case for a new restitution hearing would
violate the Double Jeopardy Clause of the Fifth Amendment (5) because the Clause prohibits the State
"from getting a second bite at the evidentiary apple when it failed to meet its restitution burden at
the first trial."

 In Cartwright v. State, 605 S.W.2d 287, 289 (Tex.Crim.App. 1980), we held that when the
record evidence is insufficient to support the amount of restitution ordered as a condition of
probation, the proper remedy is to remand the case to the trial court for a new restitution hearing. 
Later, in Barton v. State, 21 S.W.3d 287, 290 (Tex.Crim.App. 2000), we reaffirmed the holding in
Cartwright. Later still, in Beedy v. State, 250 S.W.3d 107, 113 (Tex.Crim.App. 2008), we explained
that we had reached the conclusion that we had in Barton because "[t]he trial judge in Barton was
authorized to order restitution" and "the only defect present was that the amount of restitution was
unsupported by the record." Had the trial judge in Barton not been authorized to order restitution,
we explained further, the proper remedy would have been deletion of the restitution condition from
the trial court's judgment. Ibid. In other words, the proper remedy "depends on whether the trial
judge acted lawfully." Ibid.

 In the instant case, the trial judge acted lawfully, or at least we must presume so, because the
question of the lawfulness of her restitution order is not before us. The only "defect present," as in
Cartwright and Barton, is that the amount of restitution ordered is unsupported by the record. Thus,
the proper remedy in this case, as in Cartwright and Barton, is to remand the case to the trial court
for a new restitution hearing. See G. Dix & R. Dawson, Texas Practice: Criminal Practice and
Procedure § 43.505 (2nd ed. 2002).

 As we noted previously, the court of appeals, in concluding that the proper remedy was
deletion of the trial court's restitution order from its judgment, was concerned that the "trial court
has no continuing jurisdiction under [the] circumstances [of this case], and the State should not be
afforded a second opportunity to present legally sufficient evidence." Barrera v. State, 235 S.W.3d
at 333. We are not persuaded that those are valid concerns. Certainly, the trial court, upon remand,
will have jurisdiction to conduct a new restitution hearing. And, in view of this state's public policy
favoring restitution to crime victims and their estates, as expressed in Article 42.037 of the Texas
Code of Criminal Procedure, we do not think it unreasonable to give the State a second opportunity
to prove the proper amount of restitution. Finally, it is beyond question that the Double Jeopardy
Clause of the Fifth Amendment does not bar the State from such a second opportunity. See Monge
v. California, 524 U.S. 721, 728 (1998) (double jeopardy protections are not applicable to non-capital sentencing proceedings).

 We sustain the State's ground for review, reverse that part of the judgment of the court of
appeals that deleted the trial court's restitution order, and remand the case to the trial court for a new
restitution hearing.


DELIVERED SEPTEMBER 10, 2008

PUBLISH
1. A restitution order must be supported by evidence that provides a reasonable basis for
estimating the loss. Cartwright v. State, 605 S.W.2d 287, 289 (Tex.Crim.App. 1980); 24 C.J.S.
Criminal Law § 2490 (2006).
2. Because appellant did not challenge at trial the trial court's legal authority to issue the 
restitution order, he forfeited the right to challenge that legal authority on appeal. As we
explained in Idowu v. State, "[i]f a defendant wishes to complain about the appropriateness of (as
opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court,
and he must do so explicitly." Idowu v. State, 73 S.W.3d 918, 921 (Tex.Crim.App. 2002)
(parenthetical material in original).
3. In Idowu we noted, without deciding, that "[w]hether the [trial] record provides a
sufficient factual basis for a particular restitution order could be considered an evidentiary
sufficiency question that need not be preserved by objection at the trial level." Idowu v. State, 73
S.W.3d 918, 922 (Tex.Crim.App. 2002).
4. The State's ground for review reads as follows: "What is the proper remedy when an
appellate court determines that the evidence is insufficient to support the amount of restitution
the trial court ordered when the sentence was not suspended?"
5. The Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United
States provides that no person shall "be subject for the same offence to be twice put in jeopardy
of life or limb." This guarantee was made applicable to the States by the Due Process Clause of
the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 794 (1969).