

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-1642-07

### SERGIO VELA BARRERA, Appellant

### v.

### THE STATE OF TEXAS

### ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW
### IN CAUSE NO. 13-03-707-CR FROM THE 13TH COURT OF APPEALS
### HIDALGO COUNTY

**HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined. MEYERS, J., did not participate.**

The trial court ordered appellant to pay restitution to his victim's estate although there was no evidence presented at trial to support such an order.[1] The court of appeals held that the proper remedy for the trial court's error was deletion of the restitution order from the trial court's judgment. We reverse and remand.

---

[1] A restitution order must be supported by evidence that provides a reasonable basis for estimating the loss. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex.Crim.App. 1980); 24 C.J.S. *Criminal Law* § 2490 (2006).

On September 17, 2002, an Hidalgo County grand jury returned an indictment charging appellant with the murder of Maria del Socorro Barrera. *See* Tex. Pen. Code § 19.02(b)(1). On July 22, 2003, the State brought appellant to trial before a jury on his plea of not guilty. After hearing all the evidence at the guilt stage, the jury found appellant guilty as charged in the indictment. After hearing additional evidence at the punishment stage, the jury assessed appellant's punishment at imprisonment for 99 years and a fine of $10,000. Shortly thereafter, the following transpired:

> Trial Court: Finding no reason not to pronounce sentence against you, I sentence you to serve in the Institutional Division of the Texas Department of Criminal Justice for a term of 99 years and assess a fine in the amount of $10,000.
>
> \*   \*   \*
>
> You are ordered to pay restitution in the amount of –
>
> Prosecutor: I don't know, Judge.
>
> Trial Court: Is the family here?
>
> Prosecutor: The family is here, Judge.
>
> Trial Court: Do you know what the funeral charges, expenses, were?
>
> Prosecutor: $12,000.
>
> Trial Court: Were there funeral expenses?
>
> Prosecutor: Yes, those are the funeral expenses.
>
> Trial Court: You are ordered to pay restitution in the amount of $12,000 to the family of the victim.

At trial, appellant objected to neither the trial court's legal authority to issue the restitution order nor the evidentiary basis for that order.[2] *See* Tex. Code Crim. Proc. art. 42.037(a), (c), (d) &

---

[2] Because appellant did not challenge at trial the trial court's legal authority to issue the restitution order, he forfeited the right to challenge that legal authority on appeal. As we explained in *Idowu v. State*, "[i]f a defendant wishes to complain about the appropriateness of (as

(continued...)

(k). On direct appeal, however, appellant argued that the trial court erred in ordering him to pay restitution because there was an insufficient evidentiary basis for such an order. The State's response to appellant's argument was two-fold. The State argued first that "[a]ppellant's complaint was not preserved [for appellate review] because [he] failed to object when restitution was imposed." The State argued second that the trial court's restitution order was adequately supported by the prosecutor's statement to the trial court, recounted above, regarding the victim's funeral expenses.

The court of appeals, citing our decision in *Idowu v. State*, 73 S.W.3d 918 (Tex.Crim.App. 2002), held that appellant could challenge, for the first time on appeal, the evidentiary basis for the trial court's restitution order.[3] *Barrera v. State*, 235 S.W.3d 326, 332 (Tex.App.–Corpus Christi 2007). The court of appeals also held, as appellant had argued, that the trial court's restitution order lacked a sufficient evidentiary basis. *Id*. at 332. Finally, the court of appeals held that the proper remedy for the trial court's error was deletion of the restitution order from the trial court's judgment. *Id*. at 333. The court of appeals explained that last holding as follows:

> "We . . . believe that in a case such as this – in which (1) restitution has been imposed along with a sentence of confinement, (2) restitution as a condition of probation or community supervision is not involved, and (3) there is insufficient evidence to support the amount of restitution ordered – the proper course of action is to delete the portion of the trial court's judgment ordering restitution. A trial court has no continuing jurisdiction under these circumstances, and the State should not be afforded a second opportunity to present legally sufficient evidence." *Ibid.*

---

[2](...continued) opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court, and he must do so explicitly." *Idowu v. State*, 73 S.W.3d 918, 921 (Tex.Crim.App. 2002) (parenthetical material in original).

[3] In *Idowu* we noted, without deciding, that "[w]hether the [trial] record provides a sufficient factual basis for a particular restitution order could be considered an evidentiary sufficiency question that need not be preserved by objection at the trial level." *Idowu v. State*, 73 S.W.3d 918, 922 (Tex.Crim.App. 2002).

The court of appeals affirmed the trial court's judgment as modified. *Ibid*.

The State later filed a petition for discretionary review asserting one ground for review, which we granted.[4] *See* Tex. R. App. Proc. 66.3(c). In its petition and accompanying brief, the State argues that the court of appeals, after holding that the trial court's restitution order lacked a sufficient evidentiary basis, should have remanded the case to the trial court for a new restitution hearing rather than simply deleting the restitution order from the trial court's judgment. The State argues further that "[r]emanding for a new restitution hearing [would] honor[] the legislative intent that restitution be awarded [to crime victims or their estates], and it would carr[y] out the trial court's intended punishment." Appellant argues in response that the reasoning of the court of appeals is sound and that we should adopt it. He also argues that a remand of the case for a new restitution hearing would violate the Double Jeopardy Clause of the Fifth Amendment[5] because the Clause prohibits the State "from getting a second bite at the evidentiary apple when it failed to meet its restitution burden at the first trial."

In *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex.Crim.App. 1980), we held that when the record evidence is insufficient to support the amount of restitution ordered as a condition of probation, the proper remedy is to remand the case to the trial court for a new restitution hearing. Later, in *Barton v. State*, 21 S.W.3d 287, 290 (Tex.Crim.App. 2000), we reaffirmed the holding in

---

[4] The State's ground for review reads as follows: "What is the proper remedy when an appellate court determines that the evidence is insufficient to support the amount of restitution the trial court ordered when the sentence was not suspended?"

[5] The Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." This guarantee was made applicable to the States by the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

*Cartwright.* Later still, in *Beedy v. State*, 250 S.W.3d 107, 113 (Tex.Crim.App. 2008), we explained that we had reached the conclusion that we had in *Barton* because "[t]he trial judge in *Barton* was authorized to order restitution" and "the only defect present was that the amount of restitution was unsupported by the record." Had the trial judge in *Barton* not been authorized to order restitution, we explained further, the proper remedy would have been deletion of the restitution condition from the trial court's judgment. *Ibid.* In other words, the proper remedy "depends on whether the trial judge acted lawfully." *Ibid.*

In the instant case, the trial judge acted lawfully, or at least we must presume so, because the question of the lawfulness of her restitution order is not before us. The only "defect present," as in *Cartwright* and *Barton*, is that the amount of restitution ordered is unsupported by the record. Thus, the proper remedy in this case, as in *Cartwright* and *Barton*, is to remand the case to the trial court for a new restitution hearing. *See* G. Dix & R. Dawson, *Texas Practice: Criminal Practice and Procedure* § 43.505 (2nd ed. 2002).

As we noted previously, the court of appeals, in concluding that the proper remedy was deletion of the trial court's restitution order from its judgment, was concerned that the "trial court has no continuing jurisdiction under [the] circumstances [of this case], and the State should not be afforded a second opportunity to present legally sufficient evidence." *Barrera v. State*, 235 S.W.3d at 333. We are not persuaded that those are valid concerns. Certainly, the trial court, upon remand, will have jurisdiction to conduct a new restitution hearing. And, in view of this state's public policy favoring restitution to crime victims and their estates, as expressed in Article 42.037 of the Texas Code of Criminal Procedure, we do not think it unreasonable to give the State a second opportunity to prove the proper amount of restitution. Finally, it is beyond question that the Double Jeopardy

Clause of the Fifth Amendment does not bar the State from such a second opportunity. *See Monge v. California*, 524 U.S. 721, 728 (1998) (double jeopardy protections are not applicable to non-capital sentencing proceedings).

We sustain the State's ground for review, reverse that part of the judgment of the court of appeals that deleted the trial court's restitution order, and remand the case to the trial court for a new restitution hearing.


DELIVERED SEPTEMBER 10, 2008

PUBLISH