*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00889-CR

Gilbert **AGUIRRE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 05-11-00128-CRK
Honorable Donna S. Rayes, Judge Presiding

PER CURIAM

Sitting:    Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice

Delivered and Filed:  November 5, 2008

ABATED AND REMANDED

Gilbert Aguirre was convicted of aggravated assault. Among the issues Aguirre presents on appeal is the absence of a factual basis in the record to support the amount of restitution he is ordered to pay. The State concedes that no evidence to support the amount of restitution is contained in the record but was "arrived at a later date from submissions by the victim in regards to his medical costs."

Due process considerations require that the record must contain evidence to show that the amount of restitution set by a trial court has a factual basis. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980). The proper procedure where the amount of restitution is not supported by the record is to abate the appeal, set aside the amount of restitution, and remand the cause for a hearing to determine a just amount of restitution. *Beedy v. State*, 250 S.W.3d 107, 113 (Tex. Crim. App. 2008); *Barton v. State*, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000). Accordingly, the amount of restitution contained in the trial court's judgment is set aside, this appeal is abated, and the cause is remanded to the trial court for a hearing to determine a just amount of restitution.

PER CURIAM

DO NOT PUBLISH