In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-00554-CR


____________________



JUSTIN RYAN LETULLE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 99594






 MEMORANDUM OPINION


 Justin Ryan LeTulle appeals from the trial court's judgment ordering him to pay court
costs, restitution, and administrative financial obligations. Because the court's assessments
are not sufficiently supported by the record, we set aside the judgment, abate this appeal, and
remand the case.

 Pursuant to a plea bargain agreement, Justin Ryan LeTulle pled guilty to aggravated
assault. The trial court determined the evidence was sufficient to find LeTulle guilty, but
deferred its adjudication of LeTulle's guilt. Instead, the court placed LeTulle on community
supervision for seven years, assessed a fine of $1,000.00, and ordered LeTulle to pay
restitution in the amount of $922.93.

 In September 2007, the trial court heard the State's first amended motion to revoke
LeTulle's unadjudicated community supervision. LeTulle pled "true" to three alleged
violations of his conditions of community supervision: 1) failing to pay court-assessed fees
in the amount of $92.00, 2) committing the offense of evading arrest, and 3) committing the
offense of driving while intoxicated. LeTulle pled "not true" to other alleged violations,
including one that he owed $922.93 in restitution. The trial court accepted the pleas of true
and reset the case for sentencing at a later date. At the sentencing hearing, the trial court
found that LeTulle violated the conditions of his community supervision, found him guilty
of aggravated assault, and assessed punishment at seven years of confinement. At
sentencing, however, the trial court did not orally pronounce that LeTulle was required to pay
any sums of money. (1) While the trial court's written judgment conforms with the court's oral
assessments regarding the years of confinement, the written judgment requires LeTulle to
pay certain sums that were not assessed at the time of sentencing: 1) $550.00 in court costs,
2) $922.93 in restitution, and 3) $6049.00 in administrative financial obligations.

 On appeal, LeTulle raises one issue. He contends the trial court erred by entering a
judgment and sentence contrary to its pronouncement. He argues that the pronouncement of
sentence did not include any fines or monetary obligations. LeTulle concedes that "the
ultimate resolution" may be a reformation of the judgment to reflect the monetary
assessments appropriate under the Texas Code of Criminal Procedure. However, he
specifically asserts that reformation is not proper unless the trial court first conducts a
hearing. (2)

 In an unpublished case, we noted that because certain assessments were not part of
the defendant's punishment, they did not have to be orally pronounced at sentencing. See
Lee v. State, No. 09-07-00257 CR, 2007 WL 3101905, at *2 (Tex. App.-Beaumont Oct. 24,
2007, no pet.) (not designated for publication) (citing Revia v. State, No. 09-07-00068 CR,
2007 WL 2446099, at *2 (Tex. App.-Beaumont Aug. 29, 2007, no pet.)) (not designated for
publication). These assessments include supervision fees, court costs, crime stoppers' fees,
or fees associated with presentence investigation reports. Id. 

 While Lee is not binding precedent, it presented facts similar to those of this case. See
Tex. R. App. P. 47.7(a). Here, the appellate record contains insufficient evidence to support
the trial court's assessments of $6049.00 in administrative financial obligations, $550.00 in
court costs, and $922.93 in restitution. The record shows that LeTulle pled "true" to owing
$92.00 in court-assessed fees. As to other court-assessed fees, the State suggests that we
consider the ones contained in the deferred adjudication order. However, the administrative
obligations of $660.00 and court costs of $200.00 set out in the deferred adjudication order
fall far short of the $6049.00 and $550.00 assessed by the trial court. (3) Moreover, the
deferred adjudication order cannot support the amounts assessed by the trial court because
it was set aside when the trial court entered its order adjudicating guilt. See Taylor v. State,
131 S.W.3d 497, 502 (Tex. Crim. App. 2004) ("[W]hen guilt is adjudicated, the order
adjudicating guilt sets aside the order deferring adjudication, including the previously
imposed fine.").

 When, as is the case here, the facts in the record are insufficient to allow us to modify
the trial court's assessments, we conclude that the proper remedy is to remand the case to the
trial court to determine the amounts to be assessed. See Lee, 2007 WL 3101905, at *2; cf. 
Barton v. State, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000). Thus, we sustain LeTulle's
sole appellate issue to the extent it complains that the trial court abused its discretion when
it entered a judgment for administrative financial obligations in the amount of $6049.00,
court costs in the amount of $550.00, and restitution in the amount of $922.93, each of which
is without a sufficient factual basis in the record. 

 Accordingly, we abate the appeal, set aside the assessed amounts of $6049.00,
$550.00, and $922.93, and remand the case for a hearing to determine the proper assessments
to be contained in the judgment. A supplemental record containing the trial court's
determination of the proper assessments against LeTulle shall be filed with this Court by
November 13, 2009. The brief of the appellant shall be due thirty days after the appeal is
reinstated, the State's brief shall be due thirty days after the appellant's brief is filed. We
remove the case from the submitted docket. The appeal will be re-submitted after the briefs
on the merits have been filed.

 ABATED AND REMANDED.



 ____________________________

 HOLLIS HORTON

 Justice


Submitted on August 26, 2009

Opinion Delivered October 7, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. The trial court's oral pronouncements related to sentencing were as follows:


 In your case, I find the evidence to be sufficient to find Counts 3, 4 and 5 to
be true. They are therefore true. I hereby revoke your unadjudicated
probation. I now find you guilty of the offense of aggravated assault causing
serious bodily injury. You're therefore guilty of that offense. I assess your
punishment at 7 years[']confinement in the Institutional Division.
2. We note that LeTulle does not argue that restitution is punishment or request we
modify the trial court's judgment to delete its assessment of restitution. See Brown v. State,
No. 2-08-063-CR, 2009 WL 1905231, at *2 (Tex. App.-Fort Worth July 2, 2009, no pet.)
(not designated for publication). 

3. In addition to a fine of $1000.00 and restitution of $922.93, the deferred adjudication
order contained the following costs and fees: a PSI fee of $350.00, court costs of $200.00,
supervision fees of $60.00, and crime stoppers' fees of $50.00, for a total of $660.00.