In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00022-CR

                                                ______________________________

 

 

                                   GLEN MORRIS BROWN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 114th
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 114-1287-10

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Glen
Morris Brown[1]
entered an open plea of guilty to the state-jail offense of manufacture or
delivery of less than one gram of cocaine, a controlled substance.[2]  After accepting the guilty plea and finding
Brown guilty, the trial court sentenced him to serve two years’ incarceration
and to pay a reimbursement fee of $140.00 to the Texas Department of Public
Safety (DPS).   Finding that there was no
evidence in the record to support findings which were requisite to the trial
court’s assessment of the reimbursement fee, we modify the judgment to strike
the provision for reimbursement and affirm the judgment and sentence, as
modified. 

            At
Brown’s sentencing hearing, the trial court orally announced a sentence of two
years’ confinement and ordered “reimbursement . . . paid to the Department of
Public Safety in the amount of $140.[00].” 
The judgment reiterates that the $140.00 is for a “reimbursement” fee of
$140.00 due to the DPS.  On appeal, both
Brown and the State treat the trial court’s order of “reimbursement” as an
order for restitution.  We point out that
reimbursement and restitution are not identical terms.  “Restitution” is provided for in Article
42.037 of the Texas Code of Criminal Procedure as being something that is
available to be ordered paid to “any victim of the offense or to the
compensation to victims of crime fund.”  See Tex.
Code Crim. Proc. Ann. art. 42.037 (West Supp. 2010).  In contrast, “reimbursement” is authorized in Article
42.12, Section 11(19) of the Texas Code of Criminal Procedure as something to
be paid to “[r]eimburse a law enforcement agency for the analysis, storage, or
disposal of . . . controlled substances . . . seized in connection with the
offense” as a condition of community supervision.  See
Tex. Code Crim. Proc. Ann. art. 42.12,
§ 11(19) (West Supp. 2010).[3]  

            While
conceding that there is no evidence in the record of the $140.00 charge which
Brown was ordered to reimburse the DPS, the State argues that because Brown
lodged no objection at sentencing to the trial court’s assessment of the fee,
he cannot now complain of the assessment on appeal.  See Tex. R. App. P. 33.1.  

            A
party need not object to preserve a claim of evidentiary sufficiency for
appellate review.  Mayer v. State, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010).[4]  In Mayer,
the Texas Court of Criminal Appeals found that Mayer did not waive his right to
contest the trial court’s order to pay court-appointed attorney’s fees as
reimbursement, despite his failure to object to the order before the trial
court.  We will, therefore, address Brown’s
complaint that there is no evidence to support the trial court’s order to
reimburse the DPS.

            Texas
courts have held that although a trial court can order a defendant to pay
laboratory  fees as a condition of
community supervision[5]
or pursuant to a plea agreement, since the expenses incurred during such
testing are not sustained as a result of the ordered payee being the victim of
a crime, it cannot order payment of laboratory fees as restitution.  Aguilar,
279 S.W.3d at 353; Uresti v. State,
98 S.W.3d 321, 338 (Tex. App.––Houston [1st Dist.] 2003, no pet.).  Despite the parties’ conflation of the terms “restitution”
and “reimbursement,” the trial court’s judgment clearly orders Brown to pay
reimbursement to the DPS for laboratory fees, which is a clear reference to the
authority in Article 42.12, Section 11(19). 
In Mayer, the defendant had
been found indigent and qualified for court-appointed counsel at trial and on
appeal.  Mayer thus claimed it was error
for the trial court to order him to reimburse the county for court-appointed
attorney’s fees.  In light of the
evidence of Mayer’s indigency, and the State’s failure to offer any evidence
that Mayer then possessed the ability to pay those fees, it was proper for the
court of appeals to have stricken the reimbursement order and to decline to
remand to the trial court for further evidence on Mayer’s ability to pay.  Mayer,
309 S.W.3d at 557.

            We
find the reasoning in Mayer
controlling here.   Brown, having been
found indigent by the trial court, is presumed (absent any evidence of a
material change in his circumstances) to remain indigent throughout the
proceedings of the case.  Tex. Code Crim. Proc. Ann. art.
26.04(p) (West Supp. 2010).  There being
neither any evidence in the record of the charges upon which the ordered
$140.00 reimbursement fee was based, nor a showing of Brown’s ability to pay
that reimbursement fee, we modify the trial court’s judgment to delete the
award of reimbursement.[6]  

            As
modified, we affirm the trial court’s judgment and sentence.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          July
11, 2011

Date Decided:             August
2, 2011

 

Do Not Publish

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization efforts.  See Tex. Gov’t Code Ann. § 73.001 (West 2005).
 We are unaware of any conflict between
precedent of the Twelfth Court of Appeals and that of this Court on any
relevant issue.  See Tex. R. App. P.
41.3.

 





[2]In
the same proceeding, Brown pled guilty to another state-jail felony charge of
manufacture or delivery of a controlled substance, cocaine, less than one gram
(our cause number 06-11-00024-CR); and a first-degree felony charge of
possession of a controlled substance, cocaine, with an intent to deliver, in an
amount of four grams or more, but less than 200 grams (our cause number
06-11-00023-CR).  See generally Tex. Health
& Safety Code Ann. §481.112 (West 2010).  Brown has filed a single brief raising the
same issue in all three cases; we reach the same result in those other two
cases, released today in separate opinions bearing those cause numbers.  





[3]See also Aguilar v. State, 279 S.W.3d 350, 353 n.1 (Tex. App.––Austin 2007,
no pet.) (examining distinction between “restitution or reparation” and “reimbursement”).  

 





[4]See also Idowu v. State, 73 S.W.3d 918, 922 (Tex. Crim. App. 2002) (“Whether
the record provides a sufficient factual basis for a particular restitution
order could be considered an evidentiary sufficiency question that need not be
preserved by objection at the trial level.” 
However, a complaint about the propriety of the restitution order, as
opposed to the factual basis of that order, must be made in the trial
court.  Id. at 921.





[5]See Tex.
Code Crim. Proc. Ann. art. 42.12, § 11(a)(19).





[6]The cases cited by the State are inapposite:  Barton
v. State, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000) (restitution assessed
as term of community supervision); Campbell
v. State, 5 S.W.3d 693, 695, 702 (Tex. Crim. App. 1999) (restitution
recommended as term of parole).  The
State’s citation to an unpublished case, Jester
v. State, No. 12-08-00072-CR, 2010 Tex. App. LEXIS 341 (Tex. App.––Tyler
Jan. 10, 2010, no pet.), is unpersuasive, as it involved restitution for back
child support where the conviction was for criminal nonsupport.  The Texas Court of Criminal Appeals in Mayer also rejected the State’s request
for a remand to the trial court to supplement the record regarding the
appellant’s ability to pay reimbursement.