**ABATED; Opinion Filed July 3, 2013.**

In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00735-CR
No. 05-12-00736-CR

**ZAKIR SHAIKH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-00307-J & F11-00479-J**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice Fillmore

Zakir Shaikh pleaded guilty, without an agreement on punishment, to misapplication of fiduciary property in the amount of at least $100,000 but less than $200,000, and theft of property in the amount of at least $1,500 but less than $20,000. The trial court found Shaikh guilty of both charges and assessed punishment of five years' imprisonment on the misapplication of fiduciary property offense and two years' imprisonment on the theft offense. The trial court also ordered Shaikh to pay restitution of $186,631.76 in the misapplication of fiduciary property case and $4,051.77 in the theft case as well as $244 in court costs in each case. In four issues, Shaikh argues the trial court abused its discretion by ordering Shaikh to pay restitution in each case because the amounts of restitution ordered do not have a factual basis in the record and that there is insufficient evidence to support the trial court's order that Shaikh pay

court costs. Shaikh's first two issues require us to abate this appeal. Therefore, we will not address his third and fourth issues. We set aside the trial court's restitution orders, abate this appeal, and remand the cases to the trial court for a new determination of the proper amount of restitution. We issue this memorandum opinion because the law to be applied in this case is well settled. TEX. R. APP. P. 47.4.

## Background

Shaikh operated a store that sold merchandise as well as money orders. Shaikh experienced financial difficulties and, in November and December 2010, sold over six hundred money orders to customers, but failed to forward the money he received for the money orders to Intermix, the company that issued the money orders. Accordingly, the money orders were not honored. Shaikh also allegedly failed to pay for grocery items that he ordered. Shaikh was charged with misapplication of fiduciary property in the aggregate amount of $100,000 or more but less than $200,000 and with theft of property in the amount of at least $1,500 but less than $20,000. Shaikh pleaded guilty to both charges and requested the trial court assess punishment.

At the plea hearing, Detective Richard Finks testified he investigated complaints from individuals that money orders had not been honored. Shaikh admitted to Finks that he had not forwarded the money he received for the money orders to Intermix and told Finks that he "would take care of it." Finks contacted Intermix and learned Shaikh had defaulted on 621 money orders and owed $199,000. Shaikh ultimately made restitution of $13,000 on some of the money orders, leaving $186,000 outstanding.

The prosecutor then stated that he "would like to represent something to the Court with regard to restitution, with the defense attorney's permission." Shaikh's counsel responded, "Sure." The prosecutor then stated he had spoken to Intermix and:

They've had to pay customers back, at this point, $133, 897.

–2–

If claims continue to trickle in, they will obviously have to pay the balance of $186,000. According to the complainant, my conversations with them, per the laws in each state, after a certain period, the licensee, which would be Intermix, would have to return the entire amount, meaning the balance of 186, to the State of Texas.

So in the end, even if individual claimants don't come forward, according to Intermix, they would have to pay the remainder to the State of Texas. That's – I wanted the Court to understand.

The trial court responded, "So your position is that the restitution amount is the $186,631.35?"[1]

The prosecutor responded, "Yes, ma'am. And Defense counsel may disagree with that, but that is my position, yes, ma'am." The trial court asked whether that was the "total amount that was actually stolen." The prosecutor responded, "The total amount was $199,000, but he's made restitution of 14,000." With regard to the theft case, the prosecutor represented the restitution amount was $4,051.76.

Shaikh then testified, as relevant to this appeal, that he had made restitution of $13,000. He understood he owed $186,000 with respect to the misapplication of fiduciary property offense.

The trial court found Shaikh guilty of both offenses and assessed punishment of five years' imprisonment on the misapplication of fiduciary property case and two years' imprisonment on the theft case. It also ordered that Shaikh pay restitution of $186,631.45 in the misapplication of fiduciary property case and $4,051.76 in the theft case.

**Analysis**

In his first two issues, Shaikh argues the record does not contain a factual basis for the amount of restitution ordered by the trial court. We review challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App.

---

[1] Although the record reflects a presentence investigation report (PSI) had been prepared, the record does not indicate whether this amount came from the PSI. The PSI is not in the record.

[Panel Op.] 1980); *see also Drilling v. State*, 134 S.W.3d 468, 469 (Tex. App.—Waco 2004, no pet.) (per curiam). We will uphold the trial court's ruling as long as it was within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). A trial court abuses its discretion when it sets restitution in an amount that is unjust or unsupported by facts. *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999) (citing *Cartwright*, 605 S.W.2d at 289; *Sanders v. State*, 346 S.W.3d 26, 35 (Tex. App.—Fort Worth 2011, pet. ref'd).

A trial court is authorized to order payment of restitution to a victim for losses sustained as a result of the offense for which the defendant was convicted. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2012); *Idowu v. State*, 73 S.W.3d 918, 920 n.5 (Tex. Crim. App. 2002). "[T]he amount of a restitution order is limited to only the losses or expenses that the victim or victims proved they suffered as a result of the offense for which the defendant was convicted." *Cabla v. State*, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999). The State has the burden of proving, by a preponderance of the evidence, "the amount of the loss sustained by a victim as a result of the offense." TEX. CODE CRIM. PROC. ANN. art. 42.037(k); *Sanders*, 346 S.W.3d at 35. The trial court must resolve any dispute relating to the proper amount or type of restitution. TEX. CODE CRIM. PROC. ANN. art. 42.037(k). However, the amount of restitution ordered must be (1) just and supported by a factual basis within the record, (2) only for the offense for which a defendant is criminally responsible, and (3) for the victims of the offense for which a defendant is charged. *Cantrell v State*, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref'd); *see also Campbell*, 5 S.W.3d at 696–97.

In the theft case, there is no evidence in the record to support the restitution order of $4,051.76. In the misapplication of fiduciary property case, there is evidence that Intermix was

required to pay $186,000 based on the money orders sold by Shaikh. However, there is no evidence to support the restitution order of $186,631.45.

When the record evidence is insufficient to support the amount of restitution ordered, the proper procedure is to set aside the amount of restitution and remand the case for a hearing to determine a just amount of restitution. *Barton v. State*, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000); *Cartwright*, 605 S.W.2d at 289. Accordingly, we set aside the trial court's restitution orders and remand the cases to the trial court for a new determination of the proper amount of restitution in each case. This appeal will be abated to allow the trial court to comply with this Court's order.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

120735F.U05