

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00253-CR

_____

JOSHUA WAYNE ZACHARY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 294th District Court
Van Zandt County, Texas
Trial Court No. CR11-00159

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Joshua Wayne Zachary's community supervision[1] in Van Zandt County[2] has been revoked.[3] In addition to a sentence of two years' confinement, the judgment ordered Zachary to pay court costs—including in those costs the sum of $1,350.00 in attorney's fees—ordered Zachary to pay $4,695.00 in restitution, and authorized withdrawals from his inmate trust account for the sums ordered. We modify the trial court's judgment to remove the $1,350.00 in attorney's fees and affirm it as modified because (1) Zachary waived his complaint regarding restitution, (2) the supplemental clerk's record supports the assessment of costs and withdrawals

---

[1]In 1993, during the 73rd Legislative session, the statutory term for probation was changed to "community supervision." The two terms refer to the same process. *See Ivey v. State*, 277 S.W.3d 43, 51 n.48 (Tex. Crim. App. 2009).

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[3]In April 2012, Zachary pled guilty to theft. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(F) (West Supp. 2013). His sentence was two years' confinement, suspended for five years, and he was assessed a fine and initially ordered to pay $5,000.00 in restitution. There is nothing in the record describing how the amount of restitution was determined, and there is no reporter's record from this plea hearing. Zachary's written plea admonishment admits that he "commit[ted] the offense of THEFT OF PRECIOUS METAL (COPPERWIRE), exactly as charged." One of the conditions of community supervision was that Zachary pay $5,000.00 in restitution in monthly payments of $85.00. There is nothing in the record suggesting Zachary objected to, or in any way challenged, the assessment of restitution as a term and condition of his community supervision.

About a year later, on May 30, 2013, the State filed a motion to revoke his community supervision. Several grounds were alleged, including that Zachary failed to make several months' restitution payments and that he committed a new theft offense. Because of the theft offense, the State did not ultimately have to prove that Zachary had the ability to pay community supervision fees and costs to obtain the revocation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West Supp. 2013). At a hearing held August 28, 2013, evidence was adduced that Zachary participated in the theft of a trailer and failed in several months to make required payments toward his supervision fees, court costs, attorney's fees, and fine. Kenneth Pruitt, the director of the Van Zandt County Community Supervision and Correctional Department, testified that, although Zachary had made two payments toward his court-ordered restitution, he had failed to make the required monthly payments on several occasions. At no point in the revocation hearing did Zachary challenge the previously imposed restitution or question the basis for the amount ordered. In the trial court's order revoking supervision and sentencing Zachary to state jail, the restitution amount is adjusted to $4,695.00.

from Zachary's inmate trust account, and (3) attorney's fees cannot be assessed against an indigent defendant.

*(1)     Zachary Waived His Complaint Regarding Restitution*

Zachary claims that his challenge to the sufficiency of the evidence supporting the trial court's assessment of restitution may be raised for the first time on appeal. In support of this, he cites *Idowu v. State*, 73 S.W.3d 918, 922 (Tex. Crim. App. 2002). We assume he is relying on this language:

> We ordinarily allow defendants to raise sufficiency of the evidence questions for the first time on appeal. Whether the record provides a sufficient factual basis for a particular restitution order could be considered an evidentiary sufficiency question that need not be preserved by objection at the trial level. In *Speth v. State*, however, we determined that the imposition of probation conditions, specifically a requirement that a defendant refrain from certain activities, is not appropriate for a sufficiency review.

*Id.* (citing *Speth v State*, 6 S.W.3d 530, 531 n.1 (Tex. Crim. App. 1999)). We do not read *Idowu* as necessarily establishing that, in all cases, sufficiency of the evidence to support a restitution order can be made without objecting in the trial court. Even if *Idowu* does stand for that proposition, we find Zachary has still failed to preserve this matter for our review. Immediately following the above passage, the court continued, "Whether a party must object to preserve an evidentiary sufficiency claim concerning a restitution order, or the amount of restitution, need not be resolved in this case." *Id.* In *Idowu*, specific evidence of the amounts of Idowu's thefts was adduced at trial on the merits. The appeal sprang from arguments made at the hearing on the motion for new trial, not at a subsequent revocation proceeding. Idowu challenged the effectiveness of his trial counsel by presenting testimony disputing the trial court's finding of

3

guilt and the restitution order. *Id.* "[Idowu] did not preserve any purported error in the accuracy of the restitution order, because he failed to make a specific complaint in the trial court at the time that order was imposed." *Id.* at 923.

> Even if we assumed that appellant's new evidence at the hearing on the motion for new trial might have affected a sufficiency determination, such evidence could not have done so in this case, because it was presented too late -- at the hearing on the motion for new trial. Sufficiency of the evidence, however, must be based on evidence submitted at the time of trial, not later.

*Id.* at 922 n.12. "An appeal from an order revoking community supervision is limited to the propriety of the revocation." *Stafford v. State*, 63 S.W.3d 502, 511 (Tex. App.—Texarkana 2001, pet. ref'd); *see also Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (issues related to original plea proceeding must be raised when community supervision or deferred adjudication first imposed); *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999) ("A defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable.").

If Zachary disputed the amount of restitution assessed or wished to challenge the evidence establishing that restitution, he should have addressed such arguments to the trial court at his initial plea hearing.[4] *Cf. Lemos v. State*, 27 S.W.3d 42, 47 (Tex. App.—San Antonio 2000, pet. ref'd) (failure to challenge requirement of paying funeral expenses to wife of victim waived where not objected to at sentencing hearing).

---

[4]We also observe that, at the revocation hearing, Zachary voiced no concerns or complaints about the amount of restitution or how that amount had been fixed. Although Pruitt did not know the amount of the two restitution payments Zachary had made, the order revoking and sentencing Zachary bore a restitution amount of $4,695.00, less than the $5,000.00 ordered when he was put on community supervision.

In support of his claim that we should remand this case to the trial court for a restitution hearing, Zachary cites *Barton v. State*, 21 S.W.3d 287 (Tex. Crim. App. 2000). True, *Barton* found that the proper procedure was to remand for a restitution hearing where the record did not support the amount of restitution ordered. *Id.* at 290. But Barton appealed from the order placing him on community supervision and assessing restitution[5]; not from his revocation, as Zachary has done. Nothing concerning the sufficiency of the evidence establishing the restitution amount was preserved for appeal. "[A]ppellant did not preserve any purported error in the accuracy of the restitution order, because he failed to make a specific complaint in the trial court at the time that order was imposed." *Idowu*, 73 S.W.3d at 923. We overrule this claim.

*(2)    The Supplemental Clerk's Record Supports the Assessment of Costs and Withdrawals from Zachary's Inmate Trust Account*

Zachary's brief also argues that, because the record contains no certified bill of costs—it did not when Zachary's brief was prepared and filed—the evidence is insufficient to support the trial court's assessment of court costs or to support the trial court's order that those amounts be satisfied with withdrawals from Zachary's inmate trust fund. But, because the record was supplemented with a bill of costs, these arguments fail.

"A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement." *Owen v. State*, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 103.009(a), (c) (West 2006)). "A cost is not payable by the person charged with the cost until a written bill is

---

[5]*Barton*, 21 S.W.3d at 288.

produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). "In other words, a certified bill of costs imposes an obligation on a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment."[6] *Owen*, 352 S.W.3d at 547.

When Zachary filed his appellate brief, there was no certified bill of costs in the record supporting the trial court's assessment of court costs. A supplemental clerk's record has now been submitted to this Court, and it contains a certified bill of costs.[7] Thus, except as set forth below relative to attorney's fees, the record now authorizes collection of costs assessed and documented by the clerk of the trial court. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.003 (West Supp. 2013); *Armstrong*, 340 S.W.3d at 765.

Zachary argues that the trial court's order for withdrawals from Zachary's inmate trust fund to make payments towards the judgment's various costs, fines, and restitution, is also improper based on the lack of a bill of costs. Now that such lack has been remedied, there was

---

[6]"A bill of costs certified by the district clerk is not evidence, but rather a governmental record. While the preparation of a bill of costs has significance, it is merely a documentation of what occurred during the trial." *Allen v. State*, No. 06-12-00166-CR, 2013 Tex. App. LEXIS 4171, at **7–8 n.10–11 (Tex. App.—Texarkana Apr. 3, 2013, no pet.).

[7]A certified bill of costs need not be filed at the time the trial court signs the judgment of conviction or before a criminal case is appealed. *See* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006 (West 2006). When a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record pursuant to Rule 34.5(c) of the Texas Rules of Appellate Procedure, because a bill of costs is required by Article 103.006 of the Texas Code of Criminal Procedure. *See* TEX. R. APP. P. 34.5(c); TEX. CODE CRIM. PROC. ANN. art. 103.006 .

no abuse of discretion in the trial court's order for withdrawal. *See* TEX. GOV'T CODE ANN. § 501.014(e) (West 2012).[8]

*(3)*      *Attorney's Fees Cannot Be Assessed Against an Indigent Defendant*

We realize, however, that the sum assessed in this case for court costs includes an amount for attorney's fees. In October 2013, the trial court found that Zachary had "no financial resources to offset in whole or in part the cost of legal services and related expenses." A trial court's authority to order a defendant to repay the costs of court-appointed counsel depends on the court's determination that "the defendant has financial resources that enable him to offset in part or in whole the costs of legal services provided." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2013). Once an accused is found to be indigent, it is presumed that such condition continues through the proceedings absent proof of a material change in circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013). Accordingly, to support a requirement for a defendant to repay court-appointed attorney's fees, there must be evidence in the record that the defendant's financial circumstances have materially changed since the court's initial finding of indigence and that the defendant is now capable of paying some or all of those fees. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010) (striking order to pay attorney's fees where defendant found indigent and qualified for court-appointed attorney at trial and on appeal). When evidence does not support a court's order to pay attorney's fees, the

---

[8]Zachary does not challenge the sufficiency of the trial court's notice of withdrawal, which was attached to the trial court's judgment.

proper remedy is to delete that part of the order. *Id.* at 557.[9]  We modify the trial court's

judgment to delete the amount of $1,350.00[10] in attorney's fees.

We modify the trial court's judgment to strike the court-appointed attorney's fees, and the

trial court's withdrawal order is modified to show total costs, fees, fines, and restitution of

$5,643.00, rather than $6,993.00.  As modified, the trial court's judgment is affirmed.


Josh R. Morriss, III
Chief Justice


Date Submitted:     March 28, 2014
Date Decided:       May 15, 2014

Do Not Publish

---

[9]We leave the rest of the trial court's orders on payment of court costs, restitution, and fine undisturbed.  In contrast with attorney's fees, specifically disallowed by Article 26.04(p), court costs (including several specific fees authorized by various statutes), fines, and restitution are specifically mandated by statutes.  *See generally* TEX. CODE CRIM. PROC. ANN. arts. 42.037, 42.15 (West Supp. 2013); TEX. GOV'T CODE ANN. § 102.021 (West Supp. 2013); *see also Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied)

[10]That sum is made up of $690.00 from the initial plea hearing and $660.00 from the revocation proceeding.